UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD COYNE, | COMPLAINT |
| Plaintiff, | |
| -against- | |
| | JURY TRIAL DEMANDED |
| NEW YORK CITY DEPARTMENT OF EDUCATION; TYEE CHIN, PRINCIPAL of FLUSHING HIGH SCHOOL, | 17 CV 8607 |
| Defendants. | |

Plaintiff **EDWARD COYNE**, by and through his attorneys GLASS KRAKOWER LLP, as and for his Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, former Assistant Principal of Administration Edward Coyne, brings this action against his the New York City Department of Education (hereinafter "NYCDOE"), and his former principal Tyee Chin (since removed from his duties as of October 2017), pursuant to the Age Discrimination in Employment Act (hereinafter "ADEA"), Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. Section 1981 for race discrimination, the New York State Human Rights Law (hereinafter "NYSHRL"), and the New York City Human Rights Law (hereinafter "NYCHRL"), based on age and race discrimination at his former workplace at Flushing High School in Queens, New York.

1

2. Plaintiff was issued an "Unsatisfactory" Pedagogical Supervisory Personnel Report (hereinafter "PSPR") for the 2015-16 school year due to false allegations made by Defendant Principal Chin.

3. Defendant Chin sought to push Plaintiff out of his school and force him to retire due to Plaintiff's age and race.

4. Plaintiff therefore brings this action to remedy unlawful employment discrimination on the basis of age in violation of the ADEA, 29 U.S.C. § 621 *et seq.*, Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. Section 1981, the NYSHRL, N.Y. Exec Law § 296 *et seq*, and the NYCHRL, N.Y.C. Administrative Code § 8 *et seq*.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the ADEA and Title VII.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

7. Plaintiff Edward Coyne is a resident of Queens County and the State of New York.

8. At all times relevant herein, Defendant New York City Department of Education is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq*.

9. At all times relevant herein, defendant Tyee Chin was the principal of Flushing High School, a high school in Queens, New York, within the New York City Department of Education, and, upon information and belief, has been removed from his duties effective October 2017.

**FACTUAL ALLEGATIONS**

10. Since September 1991, Plaintiff had been a consistently rated Satisfactory pedagogue with the NYCDOE until the 2015-16 school year.

11. Plaintiff is 61 years old, with a birthday of July 9, 1956. Plaintiff is a Caucasian male.

12. Plaintiff began his career in September 1991 as a junior high school social studies teacher at I.S. 77 in Ridgewood, Queens.

13. Plaintiff next worked as a high school social studies teacher at William Cullen Bryant High School from 1992 to 1999.

14. He then became an Assistant Principal (hereinafter "AP") at Grover Cleveland High School from March 2000 to June 2000.

15. Plaintiff thereafter was placed in Long Island City High School from September 2000 to April 2001.

16. In April 2001, Plaintiff was appointed as the AP of Administration/Security at Flushing High School, and became tenured as an AP in 2006.

17. In the 2013-14 school year, Plaintiff was asked and assigned by his principal to be the AP of Physical Education and Health at Flushing High School, as well as continue as the AP of Administration/Security.

18. Plaintiff received all "Satisfactory" annual evaluations both as a teacher and then as an Assistant Principal until the 2015-16 school year.

19. Principal Tyee Chin was appointed to be principal at the Flushing High School in or about June 2015, and immediately began treating Plaintiff unfairly, creating a hostile work environment, harassing Plaintiff, and targeting Plaintiff on the basis of age and race. Principal Chin is black and in June 2015 was approximately 39 years old. In October 2017, it was publicly reported that Principal Chin has been relieved of his duties as a principal at Flushing High School.

20. Principal Chin repeatedly made jokes about Plaintiff's age during the course of the 2015-16 school year.

21. Upon information and belief, since his arrival at Flushing High School, Principal Chin has targeted over a dozen Caucasian senior teachers and APs with unsatisfactory ratings and/or Education Law Section 3020-a charges seeking to terminate their employment.

22. In addition to targeting Caucasian teachers and APs, Principal Chin routinely gave preferential treatment to African-American staff members. Specifically, Principal Chin issued African-American teachers and APs satisfactory ratings in a grossly disproportionate ratio to those he issued to Caucasian staff members. Moreover, Principal Chin provided mentoring to African-American staff members that was not provided to Caucasian staff members.

23. In June 2015, upon learning of Principal Chin's appointment as Principal, Plaintiff sent Principal Chin numerous emails requesting Principal Chin's assistance and asking for Principal Chin to meet with Plaintiff.

24. Principal Chin refused to meet with Plaintiff and failed to address the issues raised in Plaintiff's numerous emails.

25. Principal Chin finally met with Plaintiff in September 2015. Principal Chin told Plaintiff upon meeting him, "I was told not to trust you," that someone in the Superintendent's office had warned Principal Chin about Plaintiff, and stated, "If I had to make a decision now, you would not have a job next September."

26. In October 2015, Principal Chin began a campaign of harassment against Plaintiff.

27. Principal Chin, for example, called in Plaintiff's former secretary on or about October 15, 2016 and asked her if Plaintiff had ever been inappropriate towards her. Notably, Principal Chin was not performing his duties as an investigator investigating an allegation of misconduct; he was simply attempting to find something for which he could write Plaintiff up.

28. On October 19, 2015, Principal Chin sent an email falsely accusing Plaintiff of not allowing students entry into the building.

29. Principal Chin wrote Plaintiff a disciplinary letter to file on or about January 4, 2016, falsely accusing Plaintiff of failing to attend Parent-Teacher Night, as allegedly required. In fact, there was no such requirement; pursuant to Council of School Administrators (hereinafter "CSA") contract, Principal Chin was not allowed to require Plaintiff to attend a Parent-Teacher Night.

30. Principal Chin issued Plaintiff a second disciplinary letter to file on or about January 4, 2016, this time falsely noting that Plaintiff failed to file an Online Occurrence

Reporting System (hereinafter "OORS") report after a fight on November 30, 2015, and falsely accusing the Dean's Office of not knowing how to file an OORS report.

31. In fact, Plaintiff was out of the office with a broken elbow sustained from breaking up the fight referenced in the letter.

32. The OORS report was not required to be submitted until several days later, which Plaintiff intended to do upon returning to the school.

33. Furthermore, the investigation had not been completed, and it would have been improper to file the OORS report before the investigation had been completed. As such, the allegations contained in the letter are inaccurate and improper.

34. Further, Principal Chin issued Plaintiff a third disciplinary letter to file about Plaintiff on or about January 4, 2016, this time frivolously and falsely accusing Plaintiff of giving two deans one hour of per session compensation for attending a Parent-Teacher pre-conference meeting in the auditorium.

35. Defendants also participated in discriminatory exclusionary behavior against Plaintiff. For example, beginning in November 2015, Principal Chin unfairly denied Plaintiff the opportunity to attend the monthly "Building Safety Meeting" for the remainder of the school year. This was a monthly meeting that Plaintiff had always attended in the past, and one that was attended by all other co-located school Principals and Assistant Principals during the 2015-16 school year.

36. On April 4, 2016, Principal Chin told Plaintiff that the evaluations that Plaintiff had conducted of his teachers were deficient. Plaintiff was taken aback by this and surprised, as

Principal Chin himself had reviewed Plaintiff's evaluations over the preceding months and had never raised any issues.

37. Two days later, on April 6, 2016, Principal Chin called Plaintiff into a meeting with a talent coach assigned by the NYCDOE to Flushing High School, Tracy Atkins-Zoughlami. At that meeting, Plaintiff was humiliated in front of an audience of administrators when he was told his observations were not written correctly and that his observations of the teachers in the department he was evaluating were rated too highly.

38. At a subsequent April 11, 2016 meeting, Principal Chin threatened that Plaintiff should know what happened to AP of Mathematics Gene Eyshinsky of Flushing High School, who had received an "Unsatisfactory" annual rating last year for the 2014-2015 school year after giving the math teachers in the math department all "Effective" and "Highly Effective" ratings, as Plaintiff had done in the health and physical education department.  Like Plaintiff, Mr. Eyshinsky was an over-50-year-old white male. Principal Chin also stated that Plaintiff would probably be receiving an "Unsatisfactory" rating for the year.

39. At the same April 11, 2016 meeting, Principal Chin further informed Plaintiff that he believes the School Renewal Team would recommend that Plaintiff be placed back in his licensed position of AP of Security, thereby relieving Plaintiff of his additional title of AP of Supervision for Health and Physical Education.  In this way, the budget could be cut for Plaintiff's AP Security position and Plaintiff would be excessed from the school.

40. In May 2016, Principal Chin directed Plaintiff to obtain information on several teachers that Principal Chin purportedly did not like so that investigations could be opened into these staff members' conduct.

41. Plaintiff conducted investigations into these individuals, and concluded that they did not engage in the alleged misconduct.

42. Nevertheless, and over Plaintiff's objections, Principal Chin ordered Plaintiff to draft letters to several of these teachers indicating that they had committed misconduct.

43. On or about June 23, 2016, Plaintiff received a PSPR dated June 23, 2016, with an Unsatisfactory annual evaluation for the 2015-16 academic year.

44. Principal Chin never met with Plaintiff to discuss the annual evaluation. Notably, Plaintiff had always received an end-of-year meeting with his principals to discuss the annual evaluation.

45. The Unsatisfactory annual rating Plaintiff received from Principal Chin for the 2015-16 school year was baseless, motivated only by Principal Chin's desire to push Plaintiff out of Flushing High School.

46. Indeed, Principal Chin even sent an email to the Flushing High School staff on June 28, 2016, which directly rebutted many of the claims contained in the performance review given to Plaintiff.

47. The email stated: "This year the school has shown improvements. The hallways are much better. … during the Quality Review students, teachers and parents have stated that the tone of the school is much better."

48. The email went on to note that there has been an improvement in attendance, and increase in Regents results, and that credit accumulation had shown improvement.

49. Plaintiff had never before been given an Unsatisfactory rating throughout his career.

50. Due to his recognition that Principal Chin would continue his campaign to push Plaintiff out, as well as not wanting to be excessed to a new school and being faced with the continued harassment he faced by Principal Chin, Plaintiff submitted his retirement papers at the end of the 2015-16 school year and subsequently retired from the NYCDOE.

51. Plaintiff appealed his Unsatisfactory PSPR evaluation through the NYCDOE's Office of Appeals and Review, and had a hearing on October 14, 2016, at that office.

52. Notably, at the hearing, Principal Chin acknowledged that he did not issue Plaintiff a disciplinary letter to file for his purported deficiencies in issuing evaluations, and that in fact Plaintiff's practice improved.

53. Principal Chin also failed to identify the specific CSA contractual articles that Plaintiff purportedly violated that led to him to receive the aforementioned letters to file.

54. In contrast, Plaintiff credibly and articulately identified numerous areas of improvement at the school that were a direct result of his work. Plaintiff also addressed the purported deficiencies contained in his PSPR, and why they were inaccurate. Additionally, Plaintiff noted how the superintendent and principal suspensions during the school year dramatically reduced, indicating that Plaintiff's performance was satisfactory.

55. Nonetheless, on November 21, 2016, Philip Weinberg, the Deputy Chancellor for Teaching and Learning, issued Plaintiff a letter informing him that his Unsatisfactory rating was sustained.

56. Plaintiff filed a Notice of Claim with Defendant NYCDOE on November 30, 2016.

57. On or about February 24, 2017, Plaintiff filed a complaint with the New York State Division of Human Rights (hereinafter "SDHR") against Defendants based on age and race.

58. On August 22, 2017, the SDHR dismissed Plaintiff's complaints on the grounds of administrative convenience after Plaintiff decided to file the instant action in federal court.

59. Plaintiff received a Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission dated September 7, 2017. A copy of Plaintiff's Right to Sue letter is annexed hereto as Exhibit A.

## FIRST CLAIM FOR RELIEF

### (Claims for Violation of ADEA – Age Discrimination)

60. Plaintiff repeats and realleges all the preceding paragraphs of this complaint, as if fully set forth herein.

61. Defendant NYCDOE, through the aforementioned conduct of Principal Chin, has violated the ADEA, by subjecting Plaintiff to a hostile work environment based on age, by, *inter alia*, issuing Plaintiff frivolous letters to file and an "Unsatisfactory" PSPR annual rating, as well as subjecting Plaintiff to ridicule and belittlement based on his age and exclusionary behavior.

62. Not only did Plaintiff lose financial opportunities such as summer school, coaching and per session work due to his PSPR, but he also was forced to retire as a result of this harassment, thereby resulting in his constructive discharge in June 2016.

## SECOND CLAIM FOR RELIEF

### (Claims for Violation of Title VII – Race Discrimination)

63. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

64. Defendant NYCDOE, through the aforementioned conduct, has violated Title VII, by subjecting Plaintiff to a hostile work environment based on race, by, *inter alia*, issuing Plaintiff frivolous letters to file and an "Unsatisfactory" PSPR, as well as subjecting Plaintiff to ridicule and belittlement based on his race and exclusionary behavior, while giving preferential treatment African-American teachers and APs.

65. Not only did Plaintiff lose financial opportunities such as summer school, coaching and per session work due to his PSPR, he was forced to retire as a result of this harassment, thereby resulting in his constructive discharge in June 2016.

## THIRD CLAIM FOR RELIEF

### (Claims for Violation of 42 USC Section 1981 – Race Discrimination)

66. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

67. Defendant NYCDOE, through the aforementioned conduct, has violated 42 USC Section 1981, by subjecting Plaintiff to a hostile work environment based on race, by, *inter alia*, issuing Plaintiff frivolous letters to file and an "Unsatisfactory" PSPR, as well as subjecting Plaintiff to ridicule and belittlement based on his race and exclusionary behavior, while giving preferential treatment African-American teachers and APs.

68. Not only did Plaintiff lose financial opportunities such as summer school, coaching and per session work due to his PSPR, he was forced to retire as a result of this harassment, thereby resulting in his constructive discharge in June 2016.

**FOURTH CLAIM FOR RELIEF**

**(Individual Claims against all Defendants for Violation of New York State Human Rights Law – Hostile Work Environment Based on Age and Race)**

69. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

70. All defendants, through the aforementioned conduct, have violated the NYSHRL, N.Y. Exec Law § 296 *et seq*, and the NYCHRL, N.Y.C. Administrative Code § 8 *et seq*. based on age and race discrimination.

**FIFTH CLAIM FOR RELIEF**

**(Individual Claims against all Defendants for Violation of New York City Human Rights Law – Hostile Work Environment Based on Age and Race)**

71. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

72. All defendants, through the aforementioned conduct, have violated the NYCHRL, N.Y.C. Administrative Code § 8 *et seq*. based on age and race discrimination.

**JURY DEMAND**

Plaintiff demands a trial by a jury on all of the triable issues in his Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant is in violation of the ADEA;

B. A declaratory judgment that Defendant is in violation of Title VII;

C.     A declaratory judgment that Defendant is in violation of 42 USC Section 1981;

D.     A declaratory judgment that Defendants are in violation of the NYSHRL;

E.     A declaratory judgment that Defendants are in violation of the NYCHRL;

F.     Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent allowable by law) pursuant to the ADEA, Title VII, 42 USC Section 1981, the NYSHRL and the NYCHRL;

G.     Awarding Plaintiff costs and reasonable attorneys' fees; and

H.     Such other and further relief as to this Court may deem necessary, just and proper.

Dated:     New York, New York
             November 7, 2017

             **GLASS KRAKOWER LLP**
             Attorneys for Plaintiff
             100 Church Street, 8th Floor, Suite 800
             New York, NY 10007
             (212) 537-6859

             By: _____s/_____
                     Bryan D. Glass, Esq.