UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

EDWARD COYNE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; TYEE CHIN, PRINCIPAL of FLUSHING HIGH SCHOOL,

Defendants.

---------------------------------------------------------------------- x

**DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

17 Civ. 8607 (DLC) (JLC)

**CASSANDRA N. BRANCH** declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the following is true and correct:

1. I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York ("City"), attorney for defendants New York City Department of Education ("DOE"), and Tyee Chin, in his capacity as Principal of Flushing High School ("Chin"). I submit this declaration in support of defendants' Motion to Dismiss the Complaint. This declaration is based on public documents of which the Court can take judicial notice and the books and records of the City and DOE.

2. The documents and excerpts attached are as follows:

Exhibit A: Petition in *Coyne v. City of New York, et al.*, Index No. 152634/2017 (Sup. Ct. N.Y. Co.), verified March 20, 2017 ("*Coyne I* Petition");

Exhibit B: Decision in *Coyne v. City of New York, et al.*, Index No. 152634/2017 (Sup. Ct. N.Y. Co. Sept. 18, 2017) ("*Coyne I* Decision");

Exhibit C: Plaintiff's Notice of Claim, dated November 30, 2016; and

Exhibit D: New York State Division of Human Rights Determination and Order of Dismissal for Administrative Convenience for Case No. 10187241, dated August 22, 2017 ("SDHR Dismissal Order").

3. The documents attached hereto are admissible evidence because on a motion to dismiss, the Court may consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff refers in the Complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Mejia v. New York City Health & Hosps. Corp.*, 2014 U.S. Dist. LEXIS 69715 at *6-7 (S.D.N.Y. 2014), *aff'd*, 622 Fed. App'x 70 (2d Cir. 2015) (on a motion to dismiss, "a court may take judicial notice of documents attached to, integral to, or referred to in the complaint, as well as court documents and public records… courts regularly take notice of [SDHR] filings and determinations relating to a plaintiff's claims") (internal citations omitted).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 19, 2017

By: [ECF] /S/
**CASSANDRA N. BRANCH**