SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 35
------------------------------------------------------------------X
EDWARD COYNE,

                             Petitioner,

-against-

CITY OF NEW YORK; NEW YORK CITY
DEPARTMENT OF EDUCATION; CARMEN
FARINA, CHANCELLOR of NEW YORK CITY
DEPARTMENT OF EDUCATION,

                             Respondents.
------------------------------------------------------------------X

**DECISION/ORDER**

Index No.: 152634/2017

Mot. Seq. 001

**HON. CAROL R. EDMEAD, J.S.C.:**

## MEMORANDUM DECISION

Petitioner Edward Coyne ("Petitioner") moved by notice of petition and verified petition pursuant to Article 78 ("Petition"), seeking to reverse and annul his unsatisfactory rating for the academic school year of 2015–16 affirmed by respondents the City of New York,[1] New York City Department of Education ("DOE") and Carmen Farina, in her official capacity as Chancellor of the City School District of the City of New York (collectively, "Respondents"). Respondents cross-move for an order pursuant to CPLR §§ 7804(f), 3211(a)(1), 3211(a)(2), and 3211(a)(7) dismissing the Petition.[2] Petitioner opposes the cross-motion.

---

[1] At the outset, the Petition against respondent City of New York must be dismissed, as Respondents correctly argue, and Petitioner does not oppose, that the City of New York is a distinct entity from the DOE, and therefore, is not a proper party to this action (*see e.g. Perez v. City of New York*, 41 A.D.3d 378, 837 N.Y.S.2d 571 [1st Dept 2007], *lv. denied* 10 N.Y.3d 708, 859 N.Y.S.2d 393, 889 N.E.2d 80 [2008]).

[2] Petitioner's opposition indicates that he has not made a claim for constructive discharge. Further, inasmuch as the Petition challenges Petitioner's retirement, Petitioner fails to address that claim in his opposition, and therefore it is dismissed. Accordingly, the only issue addressed in this Decision is whether the Petition states a claim that the unsatisfactory rating for the 2015-16 school year was arbitrary, capricious, an abuse of discretion, in bad faith and in violation of lawful procedure.

*Factual Background*

The Petition states that Petitioner began his employment as a teacher with the Department of Education in 1991 (Pet., ¶10). In 2000, Petitioner was appointed as an assistant principal from September 2000 to April 2001 (*id.*, ¶12). In April 2001, Petitioner was appointed as the Assistant Principal of Administration/Security at Flushing High School ("FHS"), and became tenured as an Assistant Principal in 2006 (*id.*, ¶14). In the 2013-14 school year, Petitioner became the Assistant Principal of Physical Education and Health at FHS, and continued to function as the Assistant Principal of Administration/Security (*id.*, ¶15). Principal Tyee Chin ("Principal Chin") was appointed to be principal at FHS in or about June 2015 (*id.*, ¶17).

Petitioner alleges that he received all "satisfactory" annual evaluations both as a teacher and as an Assistant Principal until the 2015-16 school year, when he received an "unsatisfactory" rating (*id.*, ¶16). Thereafter, Petitioner appealed his unsatisfactory rating to the DOE's Office of Appeals and Reviews for review by the DOE Chancellor's Committee ("Chancellor's Committee"). Petitioner's appeal was denied.

*The Unsatisfactory Rating for the 2015-16 School Year*

In June 2016, Principal Chin prepared and issued the Pedagogical Supervisory Personnel Report ("PSPR"), wherein Petitioner received his unsatisfactory rating (*id.*, ¶36). Petitioner was evaluated, in part, based on his successful completion of four "Goals" Petitioner and Principal Chin identified at the beginning of the 2015 school year.

Goal A, "to improve instructional and school programs," in relevant part, required Petitioner to, first, "[c]reate a safe and secure facility in which [FHS'] educational vision is

attained using OORS [the DOE's Online Occurrence Reporting System] and SOHO[3] data to identify areas of need and school safety; reduce suspensions by 10% through implementing progressive discipline" (Pet., Ex. F, "Assistant Principal Goals and Objectives [SY 15-16]" at 1). And second, to "[c]reate a 'Restorative Justice' Program for FHS by September 2016" (*id.*, 2).

The assessment of Petitioner's completion of Goal A indicated that "there has been a decrease in the number of Principal suspensions, however, there has been an increase in the number of Superintendent suspensions . . . . You were not able to achieve your goal of creating a 'Restorative Justice' Program" (*id.*)

Next, Goal B, "to achieve effectiveness in administration," stated that "[s]cholarship reports for the 1st and 2nd marking periods will be analyzed to show a 5% increase in the number of students gaining credits." The assessment of Petitioner's completion of Goal B indicated that "[t]he scholarship report shows an increase in credits, however, it was lower than a 5% increase" (*id.*).

The PSPR indicated that Petitioner successfully completed Goals C and D (*id.* at 2-3).

In addition, the PSPR indicated that Petitioner was also evaluated on his performance as an Assistant Principal not related to the aforementioned enumerated goals. The section entitled "Goal E (Other)," indicated that:

> "You received two letters to file concerning the effectiveness of reporting incidents in OORS in a timely fashion and your poor judgment in informing me of your absence (see attachment).
>
> You mismanaged investigating and documenting an OSI[4] investigation. After giving direct instructions from the Office of Legal Services about how to conduct the investigation and provide

---

[3]SOHO stands for "Suspensions and Office of Hearing Online."
[4]OSI stands for "Office of Special Investigations."

> a letter for file to be reviewed, you ignored the directives. This action caused the school to redact the letter and provide a new letter to both teachers. You were successful at achieving some of your goals, however, you struggled with accurately observing Physical Education teachers and providing evidence to support your rating. Because of your level of displaying ineffective leadership qualities, you are not able to receive a satisfactory rating"

(*id.* at 3).

*The January 4, 2016 Letters*

Principal Chin also authored three letters-to-file dated January 4, 2016 addressing Petitioner's alleged failures to follow school policy. The first letter described the occasion where Petitioner allegedly failed to notify Principal Chin that he was unable to attend a "contractually obligated" parent teacher conference scheduled on November 19, 2015 (Pet., Ex. C). The letter, which confirmed the December 1, 2015 meeting with Principal Chin, Petitioner and his union representative, indicated that Petitioner allegedly notified a fellow dean that he was not going to appear at the conference, but failed to notify Principal Chin, his immediate supervisor. The letter further indicated that in response to Principal Chin's allegation, Petitioner stated: "I understand that I made a mistake and I will take the hit for this."

Principal Chin's letter concluded, in relevant portion:

> "[t]hat on November 19, 2015, you failed to attend Parent Teacher Conferences and failed to notify me, your immediate supervisor. I understand that you had a family emergency but you called a Dean rather than your immediate supervisor which is unacceptable. Going forward, you are to contact me, your immediate supervisor, in the event you are unable to fulfill your duties and responsibilities."

4

The second letter addressed the issue of Petitioner's alleged failure to timely report a physical altercation between students and an injury that Petitioner sustained while interacting with another student into OORS (Pet., Ex. D). The letter, which also confirmed a meeting with Principal Chin, indicated Petitioner told Chin that the deans of the school were given training and understood that all incidents must be reported within 24-48 hours. The letter confirmed that Plaintiff did not report the incidents because he was unable to attend work for two days as a result of an injury sustained during one of the incidents. The letter further indicated that a dean who investigated the incidents stated that he was not aware that he was expected to enter the reports and that it was practice for Petitioner to enter all reports into OORS.

Principal Chin's letter further indicated that:

> "I explained to you that the expectation is that all deans must be given the ability to enter information in OORS. You explained that this was done for all deans . . . .
>
> I conclude that this was a lack of clear communication between you and Dean Margolin. Please ensure that all incidents are reported into OORS as required."

The third and final letter addressed the assignment of "per session"[5] employment to two FHS deans without written approval, as required by school policy (Pet., Ex. E). The letter indicated that on November 19, 2015, Principal Chin, Petitioner and other staff met to discuss the plans for an upcoming parent teacher conference to take place that day. The letter further stated that during the meeting "there was no discussion about having deans work per session. We discussed having the school aides and paraprofessionals work per session." The letter goes on to indicate that Petitioner conceded to assigning the deans without approval from Principal Chin

---

[5]"Per session" employment is a voluntary work activity performed by pedagogical staff outside of normal work-hours, and compensated beyond their base annual pay (i.e., on an hourly or sessional basis).

5

and that Petitioner stated: "I agree that I should have contacted you first and get approval for per session."

*Petitioner's Appeal of the U-Rating*

Petitioner appealed the unsatisfactory rating with the Chancellor's Committee and a hearing was held on October 14, 2016 (Pet., ¶ 41). Both petitioner and Principal Chin participated in the appeal hearing, and Petitioner was also represented by two union representatives, Jermaine Garden, a Council of School Administrators ("CSA") representative and Angela Callan, a CSA advisor (Pet., Ex. G, Trans. Part 1 at 1).[6] The Chancellor's Committee Chairperson presided over Petitioner's rating appeal hearing, and reviewed the testimony and evidence submitted by the parties (*id.*; *see generally* Pet., Ex. G, Trans. Part 1 and Part 2).

*Testimony Presented at Petitioner's Appeal*

As to Goal A, Petitioner's goal to decrease superintendent suspensions, Petitioner testified that superintendent suspensions were down fifty percent from the previous year (Pet., Ex. G, Trans. Part 1 at 11-12). He further testified that there were only twelve superintendent suspensions in the 2015-16 school year and twenty-four in the previous school year (*id.*). Petitioner also testified that there were no superintendent suspensions from February 2016 through June 2016 (*id.* at 16; Pet., Ex. G, Trans. Part 2 at 3-4). Principal Chin did not rebut Petitioner's assertion that suspensions decreased over ten percent in the 2015-16 school year despite being given the opportunity to do so (Pet., Ex. G, Trans. Part 1 at 17).

---
[6]The transcript for the hearing is thirty-six pages and both Petitioner and his union representatives had ample time to make their arguments.

6

Also, with regard to Goal A, Petitioner's goal to create a "Restorative Justice" program, Petitioner testified that that a third party was hired to assist in the creation of the restorative justice program (*id.* at 17-18), but he failed to substantiate his testimony with documentary evidence supporting his claim (Pet., Ex. G, Trans. Part 2 at 6-7). Petitioner also testified that the restorative justice program was to be completed by September 2016, and that he stopped working at the school in August 2016 (*id*; Pet., Ex. G, Trans. Part 1 at 17).

As to Goal B, Petitioner's goal to increase scholarship credits five percent, Petitioner testified that the scholarship report indicated an increase in credits (*id.*, 21). However, Petitioner's CSA representative stated that the number of credits did not increase five percent (Pet., Ex. G, Trans. Part 1 at 21, 22).

Further, Principal Chin testified that he previously directed all assistant principals, including Petitioner, that all per session assignments required written approval from Chin, or a designee (*id.*, 9-10). Principal Chin went on to testify that despite the directive, Petitioner failed to obtain written approval prior to assigning two deans to work per session at the November 19, 2015 parent teacher conference.

Moreover, Principal Chin testified that Petitioner failed to appear at November 19, 2015 parent teacher conference (*see id.*, 9). Petitioner indicated that he was not contractually obligated to appear at the parent teacher conference (Pet., Ex. G, Trans. Part 2 at 9).

As to the allegation that Petitioner "struggled with accurately observing Physical Education teachers and providing evidence to support [his] rating," Petitioner testified that he completed several observation reports since the beginning of the school year, but Principal Chin only addressed Petitioner's poor performance in March 2016 (Pet., Ex. G, Trans. Part 1 at 20).

7

Principal Chin testified that Petitioner failed to properly complete the observation reports of "every teacher in the physio department" (*id.*, 3). Specifically, Principal Chin testified that the teachers in the physio department were all highly ranked in the observation reports, but that the reports failed to include evidence, or otherwise substantiate the rating that Petitioner provided, as required by school policy. Principal Chin went on to indicate that he and Petitioner had a meeting to discuss Petitioner's failure to properly complete the observation reports, wherein Petitioner indicated that he was not trained to complete the observation reports (*id.*, 5). Principal Chin testified that he thereafter assigned a talent coach to Petitioner in order to improve his practice of completing the observation reports. Principal Chin conceded that he never submitted a formal letter-to-file addressing Petitioners deficient practice of completing the observation reports (*id.*, 6). Principal Chin further testified that while Petitioner's practice of completing the observation reports improved, Petitioner's practice in completing the reports failed to demonstrate a "level of effectiveness" to warrant a satisfactory rating (*id.*, 7).

Finally, as to the claim that Petitioner failed to properly investigate and document an investigation into FHS staff, Petitioner testified that he never submitted an investigation letter-to-file because in prior instances the principal was responsible for writing any investigation letter-to- file (*id.*, 24).

Petitioner further testified that he followed the DOE protocol for submitting investigation letters-to-file:

> "Tyee Chin: The principal wrote the letters, okay. Let's go on the fact of the same letters that we're talking about. The directives that was given to you from legal- and I will tell you that I did agree with the letter when it was written, but again I am not the office of

8

legal services. The directives - wasn't the directive given to you to write the letter and send it to legal first before — ?

Edward Coyne: First the letter was written, yes- both the letters were written, edited by yourself, myself and sent to legal.

Tyee Chin: Right. But

Edward Coyne: And she came back the first time and said that was fine.

....

Tyee Chin: The letter was - isn't it true that letter was given to the staff to be signed before submitting it to legal which is where the problem came?

Edward Coyne: No, first letter was submitted. The second letter she came back weeks later and said she wanted the letter checked. She finally got a chance- she said the first letter was sent to her and that we had faxed though.

....

Tyee Chin: Yes. But my understanding, based on the email back and forth, was that the directives- and this has always been the directive of the DOE- is that you don't give a letter to file until legal approves it. The letter was given to the staff member before legal approved it, which was why we had to pull the letter and then sent it back to legal to approve it and then we were able to then resubmit the letter to file the second time. So 15-year career in security and administration, I thought you would have been aware of that practice.

Edward Coyne: The letters were faxed out. And once again you approved the letter"

(*id.* at 24-25).

As to whether Petitioner mismanaged an investigation of a FHS staff member by failing to submit letter to the legal department, Petitioner testified that while he performed the investigations of staff at FHS for alleged inappropriate behavior in the classrooms, he did not

9

write the letter for at least one staff member, since he had not been directed him to write the letter (Pet., Ex. G, Trans. Part 1 at 26-Part 2 at 2).

*The Denial of Petitioner's Appeal*

On November 21, 2016, the Deputy Chancellor for Teaching and Learning ("Deputy Chancellor") denied Petitioner's appeal of his unsatisfactory rating. The Deputy Chancellor issued the four-line decision indicating:

> "[t]he appeal of your rating of "Unsatisfactory" for the period ending June 30, 2016, has been denied and the said rating is sustained as a consequence of failure to discharge your professional responsibilities as well as a failure to follow school policy and procedure."

*The Parties' Arguments*

The Petition argues that the DOE's determination to sustain the unsatisfactory rating was arbitrary and capricious and not based on substantial evidence. Petitioner contends that Principal Chin issued him the unsatisfactory rating as part of his effort to push Petitioner out of FHS (Pet. ¶¶ 2, 38, 40, 50).

In support of his argument, Petitioner alleges that Principal Chin failed to issue Petitioner a letter-to-file for his deficient staff evaluations (Pet., ¶42). Additionally, Principal Chin failed to identify the specific CSA articles that Petitioner allegedly violated (*id.*, ¶43). Moreover, the Petition states that Petitioner has never, prior to the subject matter of this Petition, received an unsatisfactory rating during his employment at the DOE (*id.*, ¶39). Further, Petitioner alleges that at the hearing he demonstrated that he "credibly and articulately identified numerous areas of improvement at the school that were a direct result of his work" as assistant principal (*id.*, ¶44).

Further, Petitioner states that during the hearing he identified the inaccuracies contained in the PSPR and demonstrated that suspensions during the school year decreased (*id.*).

Further, the three letters-to-file dated January 4, 2016, submitted by Principal Chin which documented Petitioners alleged professional failures are all false and have "no basis in fact" (*id.*, ¶¶22-26). Specifically, the letters falsely stated that Petition was "contractually required" to attend the parent teacher conference (*id.*, ¶22). Further, the second letter falsely alleged that petitioner failed to timely report two student-related incidents in the OORS and falsely accused the Dean's Office of not knowing how to file an OORS report (*id.*, ¶24). Petitioner further alleges that the third letter falsely accused Petitioner of giving two deans unauthorized per session compensation (*id.*, ¶25).

Moreover, Petitioner alleges that Principal Chin "participated in discriminatory exclusionary behavior against Petitioner by "unfairly den[ying] Petitioner the opportunity to attend the monthly 'Building Safety Meeting'" (*id.*, ¶27) and that Principal Chin allegedly told Petitioner that the DOE would recommend that he be placed back in his licensed position of Assistant Principal of Security, thereby relieving Petitioner of his additional title of Assistant Principal of Supervision for Health and Physical Education, and that he eventually be "excessed" from Flushing High School (*id.*, ¶32). Petitioner further alleges that as a result of Principal Chin's harassment, he submitted his retirement papers in June 2016 and retired in August 2016 to avoid being excessed to another school and Principal Chin's harassment (*id.*, ¶40).

In support of their cross-motion, Respondents argue that the Chancellor found that the record was credible and supported the unsatisfactory rating. Further, Principal Chin's failure to issue a letter-to-file addressing Petitioner's deficient lesson-observations did not demonstrate that

11

the unsatisfactory rating was made in violation of lawful procedure or violated any substantial right Petitioner had to a fair hearing. Moreover, other instances of Petitioner's poor performance support his unsatisfactory rating. Additionally, Petitioner's discrimination claim was raised for the first time in his petition and should not be considered by the Court.

In opposition, Petitioner argues that he successfully completed the Goals and objectives for the 2015-16 school year (Opp. ¶¶10-13). Specifically, Petitioner argues that he demonstrated that he met Goal A, since suspensions decreased and he laid the foundation for the Restorative Justice program to begin functioning (*id.*, ¶10). He further argues that he met Goal B, since "Physical Education and Heath credits increased by 20 percent, and overall credits increased" (*id.*, ¶11). Moreover, Petitioner argues that he followed protocol in drafting the letter addressing the investigation and that Principal Chin reviewed the letter prior to sending it to the DOE. Further, Petitioner argues that Principal Chin failed to issue any documentation identifying Petitioner's alleged deficiencies or providing Petitioner with feedback.

*Discussion*

"Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v. Martinez*, 84 NY2d 83, 87-88 [1994]; *see Ellington v. EMI Music, Inc.*, 24 NY3d 239 249 [2014]).

A party may move to dismiss a proceeding pursuant to CPLR 3211(a)(7) if the claims asserted against the party fail to state a cause of action. When assessing such a motion, the Court must "accept the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any

12

cognizable legal theory" (*Leon v. Martinez*, 84 NY2d 83, 87–88 [1994], citing *Monroe v. Monroe*, 50 NY2d 481, 484; *Rovello v. Orofino Realty Co.*, 40 NY2d 633, 634).

In an Article 78 proceeding, the applicable standard of review is whether the administrative decision being challenged has a rational basis (*see* CPLR 7803[3]). A challenge to an unsatisfactory rating requires a showing that the determination was arbitrary or capricious or without a rational basis (*id.*; *Matter of Hazeltine v. City of New York*, 89 AD3d 613 [1st Dept 2011]; *Black v. New York City Dept. of Educ.*, 62 AD3d 468 [1st Dept 2009]; *see generally Matter of Arrocha v. Board of Education of the City of N. Y.*, 93 NY2d 361, 363-364 [1999]). An action is arbitrary and capricious, or an abuse of discretion, when the action is taken "without sound basis in reason and . . . without regard to the facts" (*Matter of Pell v. Board of Education*, 34 NY2d 222, 231 [1974]). Rationality is the key in determining whether an action is arbitrary and capricious or an abuse of discretion (*Pell*, 34 NY2d, at 231). The court's function is completed on finding that a rational basis supports the administrative determination (*see Howard v. Wyman*, 28 NY2d 434 [1971]). In addition, "even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency's determination is supported by the record" *(Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v. State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 429 [1st Dept 2007], *affd* 11 NY3d 859, 873 NYS.2d 247, 901 NE2d 740 [2008]).

Here, the Petition fails to allege sufficient facts to state a claim that the decision to assign Petitioner an unsatisfactory rating for the 2015-16 school year was arbitrary and capricious or given without regard to the facts. The record, including the January 4, 2016 letters, testimony of

13

the parties, and PSPR provided a rational basis for the Chancellor to affirm the unsatisfactory rating.

Specifically, the decision of the Chancellor is supported by the three letters-to-file, which document Petitioner's failure to follow school policy, and Principal Chin's testimony that Petitioner did not follow DOE directives in completing his investigation into FHS staff and that Petitioner failed to follow school policy by assigning per session work without written approval (*see Matter of Cohn v. Board of Educ. of the City Sch. Dist. of the City of N.Y.*, 102 AD3d 586, 586-587, 960 NYS.2d 362 [1st Dept 2013] [finding that the detailed observation reports by the principal describing petitioner's poor performance provided a rational basis for the unsatisfactory rating]; *Murnane v. Dept. of Educ. of City of N. Y.*, 82 AD3d 576, 577 [1st Dept 2011] [holding that detailed observation reports by principal and assistant principal describing petitioner's poor performance provided a rational basis for unsatisfactory rating]; *Batyreva v. New York City Dept. of Educ.*, 50 AD3d 283, 854 NYS2d 390 [1st Dept 2008]). Moreover, Principal Chin testified that Petitioner failed to meet his annual goals, including, creating a "Restorative Justice" program, and Petitioner conceded that he failed to meet his goal to increase scholarship credits above five percent (*see Murnane*, 82 AD3d 577).

Principal Chin further testified that Petitioner failed to properly complete observation reports of teachers in the physio department, even after receiving training from a talent coach assigned by the DOE (*see Richards v. Bd. of Educ. of City Sch. Dist. of City of New York*, 117 AD3d 605, 606 [1st Dept 2014] [upholding unsatisfactory rating where, *inter alia*, petitioner received professional support and had not sufficiently progressed during the school year]).

Petitioner's argument that the unsatisfactory rating should be annulled because Principal Chin treated him in a "hostile" and "discriminatory" manner and that Petitioner successfully reduced superintendent suspensions (Goal A) lack merit, since the Chancellor's decision to affirm Principal Chin's determination has a rational basis, which is all that is required (*see Murnane*, 82 AD3d 577).

Additionally, Petitioner's argument that Principal Chin failed to issue letters-to-file regarding Petitioner's deficient observations and investigation mismanagement does not render the Chancellor's decision arbitrary and capricious (*see Cho-Brellis v. Bd. of Educ. of City Sch. Dist. of City of New York*, 149 AD3d 411, 412 [1st Dept 2017] [finding that the principal's testimony at the Chancellor's Committee hearing documenting petitioner's poor performance, *inter alia*, substantiated petitioner's unsatisfactory rating]; *see also Wiesner v. City of New York*, 129 AD3d 412, 413 [1st Dept 2015]; *Brown v. Bd. of Educ. of City Sch. Dist. of City of New York*, 89 A.D.3d 486, 487 [1st Dept 2011]).

Accordingly, it was rational for Respondents to sustain the unsatisfactory rating Petitioner received for his performance during the 2015-16 school year, based on the documented evidence and testimony presented before the Chancellor's Committee during the review hearing.

## CONCLUSION

Accordingly, it is hereby,

**ORDERED** that the cross-motion of the Respondents City of New York, New York City Department of Education, Carmen Farina, Chancellor of New York City Department of Education, to dismiss the Petition is granted in its entirety, and the Petition and the proceeding are dismissed; it is further

**ORDERED AND ADJUDGED** that petitioner's Article 78 petition is denied; and it is further

15

  **ORDERED** that Respondents shall serve a copy of this order with notice of entry upon all parties within 20 days of entry.

This constitutes the decision and order of the Court.

Dated: September 18, 2017

_____
Hon. Carol Robinson Edmead, J.S.C.

**HON. CAROL R. EDMEAD**
**J.S.C.**

_____
CLERK

FILED
SEP 26 2017
COUNTY CLERK'S OFFICE
NEW YORK

152634/17

ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
Attorney for Respondents
100 Church Street, Room 2-314
New York, New York 10007-2601
(212) 356-4074

JudgmenT

FILED
SEP 2 6 2017
AT 9:53 A M
N.Y., CO. CLK'S OFFICE