2016PIO 33908

## WRITTEN VERIFIED NOTICE OF CLAIM
(Pursuant to New York State Education Law Section 3813)

TO:   City of New York Comptroller's Office
      c/o Corporation Counsel of the City of New York
      100 Church Street, basement level
      New York, NY 10007

      New York City Department of Education
      c/o Corporation Counsel of the City of New York
      100 Church Street, basement level
      New York, NY 10007

      Carmen Farina, Chancellor; Tyee Chin, Principal of Flushing High School;
      Aimee Horowitz, Superintendent of Renewal Schools within the NYCDOE
      New York City Department of Education, and Tracy Atkins-Zoughlami,
      Talent Coach of Renewal Schools
      c/o Corporation Counsel of the City of New York
      100 Church Street, basement level
      New York, NY 10007

PLEASE TAKE NOTICE that Edward Coyne ("Claimant") has a claim against

Respondents City of New York, New York City Department of Education ("NYCDOE"),

and Carmen Farina, Chancellor of the New York City Department of Education, Aimee

Horowitz, Superintendent of Renewal Schools, and Tyee Chin, Principal of Flushing

High School, pursuant to 42 U.S.C. Section 1983 and Civil Service Law Section 75-b,

and any related city or state whistleblower laws, for retaliation under the First

Amendment, for violations of city and state whistleblower laws, for age and race

discrimination and retaliation, and for defamation and prima facie tort, after he refused as

an Assistant Principal to rate teachers undeservedly ineffective at Flushing High School

and was otherwise pressured to leave Flushing High School based on his age and race.

His damages include, but are not limited to, two false disciplinary letters to his file in

1

January 2016, and an Unsatisfactory annual rating for the first time in his 25-year career,
and constructive discharge in excessing and forcing him to another school.

1. Claimant's Post Office Address is 217-23 Rockaway Point Boulevard, Breezy
   Point, NY 11697, phone number 917-848-8119, email ecoynejr@aol.com.

2. Claimant has selected Glass Krakower LLP (Bryan Glass, Esq.), 100 Church
   Street, 8th Floor, New York, NY 10007, telephone number (212) 537-6859, as
   his attorney to represent him in connection with the claim.

3. Since September 1991, Claimant had been a consistently rated Satisfactory
   pedagogue with the NYCDOE until the 2015-16 school year, initially as a
   social studies teacher and then as an Assistant Principal.

4. In April 2001, Claimant was appointed as the Assistant Principal of
   Administration/Security at Flushing High School, and became tenured as an
   Assistant Principal in 2006.

5. In the 2014-15 school year, Claimant was asked to be the Assistant Principal
   (AP) of Physical Education and Health, as well as continue as the AP of
   Administration/Security at Flushing High School.

6. Claimant received all Satisfactory end of year ratings throughout his career
   until the 2015-16 school year.

7. Principal Tyee Chin was appointed to be principal at the Flushing High
   School in September 2015, and told Claimant upon meeting him, "I was told
   not to trust you." In September 2015, Principal Chin told Claimant that in
   Principal Chin's previous school, he was instructed to get rid of 50 percent of

the staff at Wadleigh High School, and told him the second year he got rid of the other 50 percent of the staff.

8. Also in September 2015, School Safety Agent ("SSA") Level 3 Martinez began working at Flushing High School. At his first meeting with Plaintiff, SSA Martinez echoed Principal Chin's first words to Plaintiff, telling Plaintiff, "I was told not to trust you." Thereafter, following this one meeting with Plaintiff in September 2015, SSA Martinez never spoke with Plaintiff again for the remainder of the 2015-2016 school year. Nor did SSA Martinez, whose job was to work with and support Plaintiff and the Deans' Office, ever work with or support Plaintiff and the Deans' Office during. The entire 2015-2016 school year.

9. Principal Chin's unfair and discriminatory treatment of Plaintiff continued and intensified after their first meeting. For example, on September 29, 2015, Principal Chin sent Plaintiff an email inaccurately and unfairly chastising Plaintiff for not forwarding him the Deans' schedule, a PowerPoint presentation, and not putting posters in classrooms. The email was totally inaccurate; Plaintiff had completed all tasks mentioned by Principal Chin, prior to the email being sent to Plaintiff.

10. In or about October 2015, Principal Chin continued his fishing expedition to find something negative by calling Plaintiff's former secretary, Yolanda Reiner, into the principal's office and asked her, "Has Mr. Coyne ever been inappropriate towards you?" Ms. Reiner responded that Plaintiff had never been inappropriate towards her.

3

11. Also in October 2015, Principal Chin issued a series of communications falsely accusing Plaintiff of misconduct. For example, on October 19, 2015, Principal Chin sent an email falsely accusing Plaintiff of not allowing students entry into the building. Principal Chin also wrote a letter to file in October 2015 falsely accusing Plaintiff of failing to attend Parent-Teacher Night, as required. In fact, there was no such requirement; to the contrary, pursuant to Council of School Administrators ("CSA") contract, Principal Chin was not allowed to require Plaintiff to attend Parent-Teacher Night. Principal Chin wrote a second letter to file about Plaintiff in October 2015, this time falsely noting that Plaintiff failed to file an OORS report in a timely fashion and falsely accusing the Deans's Office of not knowing how to file an OORS report. In actual fact, Plaintiff was out of the office with a broken elbow and the Deans' office acted properly in filing the OORS report. Further, Principal Chin wrote a third letter to file about Plaintiff in October 2015, this time frivolously and falsely accusing Plaintiff of giving two deans one hour per session for attending a Parent-Teacher pre-conference meeting in the auditorium.

12. Defendants also participated in discriminatory exclusionary behavior against Plaintiff. For example, beginning in November 2015, Principal Chin unfairly denied Plaintiff the opportunity to attend the monthly "Building Safety Meeting" for the remainder of the school year (i.e. November 2015 through June 2016). This was a monthly meeting that Plaintiff had always attended in the past, and one that was attended by all other co-located school Principals,

Assistant Principals and SSA Martinez during the 2015-2016 school year. Excluding Plaintiff from this meeting humiliated him amongst his peers.

13. The hostile work environment and discriminatory action by Defendants against Plaintiff continued unabated into 2016. For example, on February 1, 2016 Principal Chin sent Plaintiff an email that was harassing in tone and that contained blatantly false accusations. In the email, Principal Chin ordered Plaintiff to check the door alarms daily. In fact, Plaintiff had been keeping a book documenting his checks of the door alarms every day since opening day of the school year. Principal Chin was aware of the existence of this book. In the email, Principal Chin falsely accused Plaintiff of failing to man his post outside school each day at dismissal, and falsely accused Plaintiff of allowing the Deans and Physical Education staff to schedule lunch as their last period of the day. Finally, the February 1, 2016 email continued the theme of Principal Chin and SSA Martinez not trusting Plaintiff, as it ordered Plaintiff to notify Principal Chin and SSA Martinez of Plaintiff's schedule each day and required him to have a daily debrief with Principal Chin every day at 7:30 a.m. or 3:45 p.m. Plaintiff had never before been subjected to such requirements. The February 1, 2016 email was followed by a similar email later that month; on February 22, 2016, Principal Chin falsely sent Plaintiff an email falsely accusing Plaintiff of failing to address an incident outside of school at final dismissal; in fact, Plaintiff and the Deans were outside the building during the melee that ensued, and handled it appropriately.

14. In early April 2016, Principal Chin called Claimant into a meeting with a talent coach assigned by the NYCDOE to Flushing High School, Tracy Atkins-Zoughiami. At that meeting, Claimant was told his observations were not written correctly and was told his observations of the teachers he was evaluating were rated too highly, as being rated all effective or highly effective.

15. Soon after, at a subsequent April 11, 2016 meeting, Principal Chin threatened that Claimant should know what happened to Assistant Principal of Mathematics Gene Eyshinsky of Flushing High School, who had received a "U" rating last year for the 2014-2015 school year after giving the math teachers in the math department all "Effective" and "Highly Effective" ratings, as Claimant had done in the health and physical education department. Principal Chin also stated that Claimant would probably be receiving a "U" or unsatisfactory rating for the year.

16. At the same April 11, 2016 meeting, Principal Chin further informed Claimant that he believed the Renewal Team would recommend that Claimant be placed back in his licensed position of Assistant Principal of Security, thereby relieving Claimant of his additional title of Assistant Principal of Supervision for Health and Physical Education. In this way, the budget could be cut for Claimant's AP Security position and Claimant would be excessed from the school after the 2015-16 school year. Principal Chin further stated that he himself had named two other Assistant Principals (AP Amaya and AP

Morgan) who were going to be scrutinized for termination from the school by the Renewal Team,

17. By May 2016, Claimant had posted on the NYCDOE's Advance web application all of his required observations for the teachers he was rating, which showed effective ratings for their instructional practices in the 2015-16 academic year.  Claimant was required to rate 12 teachers in the physical education and health department, all with at least 15 years' experience.

18. Soon thereafter, Claimant received a pedagogical supervisory personnel report, dated June 23, 2016, with an Unsatisfactory annual evaluation for the 2015-16 academic year signed by Principal Chin.  Claimant was also told by Principal Chin that he would be excessed from the school.

19. Claimant had never before been given an Unsatisfactory annual rating throughout his career.

20. Recognizing Principal Tyee Chin's attempt to control and influence teacher ratings in spite of the quality of their classroom instruction, refusing to abandon his professional judgment and First Amendment rights by participating in this wrongful act, not wanting to be excessed to a school he would not know, and facing additional and ongoing retaliation, Claimant submitted his retirement papers in August 2016, and therefore has been constructively discharged from his position.

21. To date, Claimant has received an unjustified Unsatisfactory annual evaluation for the 2015-16 school year, damage to his professional reputation, and substantial loss to his pension accruals due to premature retirement by

acting to preserve his First Amendment rights, as well as being targeted for age and race discrimination.

22. Since the claim involves a continuing wrong against the Claimant, the exact dollar amount and value of the claim is not ascertainable at this time.

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF NEW YORK  )        ss:

    Edward Coyne, being duly sworn, deposes and states that he is the Claimant named in the written claim, that he has read the foregoing claim and knows the contents thereof, and states that the claim is true to his own knowledge.

                                                              _____
                                                            EDWARD COYNE

Subscribed and sworn to before
me this 3rd day of November 2016.

_____
Notary Public

BRYAN GLASS
Notary Public, State of New York
No. 02GL6066976
Qualified in Rockland County
Commission Expires 1/23/2018

9