17 Civ. 8607 (DLC) (JLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD COYNE,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; TYEE CHIN, PRINCIPAL of
FLUSHING HIGH SCHOOL,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

## ZACHARY W. CARTER

*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-314
New York, New York 10007-2601

*Of Counsel:* Cassandra N. Branch
Tel.:  (212) 356-4074
cbranch@law.nyc.gov

Matter No.: 2017-066787

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ........................................................................... 1

**STATEMENT OF FACTS** .................................................................................. 3

**ARGUMENT** ..................................................................................................... 10

      POINT I ....................................................................................................... 10

            PLAINTIFF'S PRIOR ARTICLE 78 DECISION
            PRECLUDES THE COMPLAINT'S AGE
            DISCRIMINATION CLAIMS. ............................................... 10

      POINT II ..................................................................................................... 12

            PLAINTIFF'S AGE DISCRIMINATION CLAIMS
            MUST BE DISMISSED. ........................................................ 12

      POINT III .................................................................................................... 19

            PLAINTIFF'S RACE DISCRIMINATION
            CLAIMS MUST BE DISMISSED. ........................................ 19

      POINT IV .................................................................................................... 23

            STATE AND CITY HUMAN RIGHTS LAW
            CLAIMS MUST BE DISMISSED. ........................................ 23

**CONCLUSION** ................................................................................................. 26

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abdu-Brisson v. Delta Air Lines*,
239 F.3d 456 (2d Cir. 2001).........................................................................13, 15

*Alfano v. Costello*,
294 F.3d 365 (2d Cir. 2002).................................................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................12, 13

*Bd. of Cnty. Comm'rs v. Brown*,
520 U.S. 397 (1997).............................................................................................21

*Benedith v. Malverne Union Free Sch. Dist.*,
38 F. Supp. 3d 286 (E.D.N.Y. 2014) ..................................................................24

*Bermudez v. City of New York*,
783 F. Supp. 2d 560 (S.D.N.Y. 2011).............................................................13, 14

*Brown v. City of Syracuse*,
673 F.3d 141 (2d Cir. 2012)................................................................................22

*Carmellino v. Dist. 20 of the New York City Dep't of Educ.*,
2006 U.S. Dist. LEXIS 63705 (S.D.N.Y. 2006)..................................................18

*Carr v. Health Ins. Plan of Greater New York, Inc.*,
111 F. Supp. 2d 403 (S.D.N.Y. 2000).................................................................10

*Castro v. New York City Bd. of Educ. Pers. Dir.*,
1998 U.S. Dist. LEXIS 2863 (S.D.N.Y. 1998)...................................................17

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)..................................................................................3

*Cincotta v. Hempstead Union Free Sch. Dist.*,
2016 U.S. Dist. LEXIS 116478 (E.D.N.Y. 2016)...............................................25

*Cruz v. Coach Stores*,
202 F.3d 560 (2d Cir. 2000).................................................................................16

*Davis v. New York City Dep't of Educ.*,
2012 U.S. Dist. LEXIS 5633 (E.D.N.Y. 2012)........................................14, 18, 19

*Deprima v. City of New York Dep't of Educ.*,
    2014 U.S. Dist. LEXIS 37866 (E.D.N.Y. 2014)....................................................22, 23

*Diaz v. City Univ. of New York*,
    2014 U.S. Dist. LEXIS 184757 (S.D.N.Y. 2014) ....................................................17

*DiSorbo v. Hoy*,
    343 F.3d 172 (2d Cir. 2003)....................................................................................11

*Fincher v. Cnty. of Westchester*,
    979 F. Supp. 989 (S.D.N.Y. 1997) .........................................................................25

*Flaherty v. Metromail Corp.*,
    2001 U.S. Dist. LEXIS 10828 (S.D.N.Y. 2001) ....................................................18

*Galabaya v. New York City Bd. of Educ.*,
    202 F.3d 636 (2d Cir. 2000)..............................................................................14, 19

*Graham v. Long Island R.R.*,
    230 F.3d 34 (2d Cir. 2000)......................................................................................14

*Grassel v. Dep't of Educ. of New York*,
    2017 U.S. Dist. LEXIS 39683 (E.D.N.Y. 2017) ....................................................10

*Guity v. Uniondale Union Free Sch. Dist.*,
    2017 U.S. Dist. LEXIS 27542 (E.D.N.Y. 2017) ....................................................25

*Hardy v. New York City Health & Hosps. Corp.*,
    164 F.3d 789 (2d Cir. 1999)....................................................................................24

*Harris v. Forklift Sys.*,
    510 U.S. 17 (1993) ................................................................................16, 17, 20, 21

*Hodge v. New York Coll. of Podiatric Med.*,
    157 F.3d 164 (2d Cir. 1998)....................................................................................12

*Jett v. Dallas Indep. Sch. Dist.*,
    491 U.S. 701 (1989) ................................................................................................21

*Johnson v. City of New York*,
    2012 U.S. Dist. LEXIS 46188 (S.D.N.Y. 2012) ....................................................17

*King v. United States Sec. Assocs.*,
    2012 U.S. Dist. LEXIS 133339 (S.D.N.Y. 2012) ..................................................13

*Lautere v. Int'l Bus. Mach. Corp.*,
    216 F.3d 258 (2d Cir. 2000)....................................................................................21

*Littlejohn v. City of New York*,
  795 F.3d 297 (2d Cir. 2015)...................................................................................14, 19

*Monell v. New York City Dep't of Soc. Services*,
  436 U.S. 658 (1978)...............................................................................................21

*Morse v. Univ. of Vermont*,
  973 F.2d 122 (2d Cir. 1992)...................................................................................24

*Pa. State Police v. Suders*,
  542 U.S. 129 (2004)...............................................................................................17

*Patterson v. Cnty. of Oneida*,
  375 F.3d 206 (2d Cir. 2004)...................................................................................21

*Payne v. New York City Police Dep't*,
  863 F. Supp. 2d 169 (E.D.N.Y. 2012) ...................................................................22

*Pembaur v. City of Cincinnati*,
  475 U.S. 469 (1986)...............................................................................................21

*Pena v. Battleboro Retreat*,
  702 F.2d 322 (2d Cir. 1983)...................................................................................17

*Phillip v. City of New York*,
  2012 U.S. Dist. LEXIS 55335 (E.D.N.Y. 2012) .....................................................22

*Putkowski v. Warwick Val. Cent. Sch. Dist.*,
  363 F. Supp. 2d 649 (S.D.N.Y. 2005)....................................................................23

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*,
  743 F.3d 11 (2d Cir. 2014).....................................................................................16

*Ruiz v. Cnty. of Rockland*,
  609 F.3d 486 (2d Cir. 2010)...................................................................................22

*Schiano v. Quality Payroll Sys.*,
  445 F.3d 597 (2d Cir. 2006)...................................................................................20

*Shapiro v. New York City Dep't of Educ.*,
  561 F. Supp. 2d 413 (S.D.N.Y. 2008)....................................................................22

*Silverman v. New York*,
  216 F. Supp. 2d 108 (E.D.N.Y. 2002) ...................................................................18

*Sotomayor v. City of New York*,
  862 F. Supp. 2d 226 (E.D.N.Y. 2012) ............................................................14, 19, 23, 25

*Spiegal v. Schulmann*,
    604 F.3d 72 (2d Cir. 2010)................................................................19

*Stembridge v. City of New York*,
    88 F. Supp. 2d 276 (S.D.N.Y. 2000)...................................................21

*Stetson v. Nynex Serv. Co.*,
    995 F.2d 355 (2d Cir. 1993)..............................................................18

*Thompson v. ABVI Goodwill Services*,
    531 Fed. App'x 160 (2d Cir. 2013)....................................................20

*Tomici v. New York City Dep't of Educ.*,
    2012 U.S. Dist. LEXIS 190052 (E.D.N.Y. 2012).........................24, 25

*Williams v. City of New York*,
    2014 U.S. Dist. LEXIS 49837 (S.D.N.Y. 2014).....................15, 21, 22

*Zerilli-Edelglass v. New York City Tr. Auth.*,
    333 F.3d 74 (2d Cir. 2003)................................................................12

*Zherka v. City of New York*,
    459 Fed. App'x 10 (2d Cir. 2012)..................................................21, 22

**State Cases**

*Amorosi v. South Colonie Indep. Cent. Sch. Dist.*,
    9 N.Y.3d 367 (2007).........................................................................25

**Federal Statutes**

29 U.S.C. §§ 621, *et seq.*............................................................1, 10, 12, 13

42 U.S.C. § 1981............................................................................1, 2, 21, 23

42 U.S.C. § 1983.........................................................................................21

42 U.S.C. §§ 2000e, *et seq.*.................................................................. *passim*

**State Statutes**

N.Y. Educ. L. § 3813 ...........................................................................2, 24, 25

N.Y. Exec. L. §§ 290, *et seq.* ...............................................................1, 24, 25

**Regulations**

N.Y.C. Admin. Code §§ 8-101, *et seq.* ..................................................................................1, 24, 25

N.Y.C. Admin. Code § 8-502(d)...........................................................................................25

**Other Authorities**

N.Y. C.P.L.R. § 214 ..............................................................................................................25

Fed. R. Civ. P. Rule 12 ..........................................................................................................12

U.S. Const., am. XIV .............................................................................................................22

## PRELIMINARY STATEMENT

Plaintiff, formerly employed as an Assistant Principal by the New York City Department of Education ("DOE")[1], received an "Unsatisfactory" Pedagogical Supervisory Personnel Report ("PSPR") rating ("U-rating") for the 2015-16 school year.  Plaintiff received the U-Rating from his former supervisor, Tyee Chin ("Principal Chin") based on  procedural and policy errors in plaintiff's written observations of teachers' lessons, his failure to follow administrative guidelines and meet annual goals, his failure to timely report building security concerns, and disciplinary letters to file citing to poor decisions plaintiff made and his overall ineffectiveness.  Plaintiff subsequently retired from the DOE in June of 2016.

Plaintiff unsuccessfully appealed his U-Rating in an administrative hearing before the DOE's Chancellor's Committee, and in an Article 78 proceeding before the Supreme Court of the State of New York, New York County.  Plaintiff then commenced this action on November 7, 2017, alleging discrimination and hostile work environment, in violation of Title VII, § 1981, the ADEA,  the SHRL, and the CHRL.[2]

Defendants now move to dismiss the Amended Complaint.  First, plaintiff's age discrimination claims under the ADEA, SHRL, and CHRL are precluded by his State Court Article 78 proceeding.  Here, plaintiff raises issues of his discipline, alleged negative treatment, and U-Rating by Principal Chin, all based on his age.  Those identical issues were already raised, and fully litigated in plaintiff's Article 78 proceeding, which he lost.  Further, the decision

---

[1] DOE is, formally, the Board of Education of the City School District of the City of New York.

[2] All references to "Title VII," are to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; to "§ 1981," are to 42 U.S.C. § 1981; to "ADEA" are to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*; to "SHRL," are to the New York Human Rights Law, New York Executive Law §§ 290, *et seq.*; to "CHRL," are to the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.*: and to "Rule" to the Federal Rules of Civil Procedure.

establishes that DOE had legitimate non-discriminatory reasons for its actions.  Plaintiff has not alleged pretext and the age discrimination claims must be dismissed.

Second, the Complaint fails to state a claim for age discrimination under Federal, State or local law.  The Complaint is devoid of facts showing causation between plaintiff's protected class and any adverse action.  It is well settled that job performance criticisms and negative evaluations are not adverse employment actions.  The Complaint wholly fails to link plaintiff's discipline, U-Rating, or any other action by Principal Chin to animus against plaintiff's age.  The Complaint also fails to allege that plaintiff was mistreated based on age, and that his treatment was so severe that it essentially forced him to retire, a constructive discharge.  The Complaint and plaintiff's prior Article 78 show that plaintiff simply chose to retire, rather than continue a career with a U-Rating on his record.

Third, plaintiff fails to plausibly allege race discrimination under Title VII or § 1981, as it does not indicate any causation between plaintiff's protected class and any adverse actions.  The Complaint also shows the legitimate nondiscriminatory reasons for plaintiff's rating – unsatisfactory performance, and discipline resulting from his poor judgment.  Plaintiff's failure to allege that those reasons were mere pretext for discrimination, and to allege facts indicating pretext, mandates dismissal of his race claims under any statute.  The Complaint also fails to show that plaintiff was forced to retire.  Again, these allegations cannot possibly rise to the level necessary to allege a constructive discharge claim under any anti-discrimination statute.

Finally, plaintiff's SHRL and CHRL claims against defendant DOE are barred by the one-year statute of limitations and Notice of Claim requirements of New York Education Law § 3813.

Accordingly, the Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS[3]

### A.      Plaintiff's "Unsatisfactory" Rating

Plaintiff was a tenured DOE Assistant Principal ("A.P") and was mostly recently assigned to Flushing High School ("Flushing H.S."), located in Queens, New York.  *See* complaint, dated November 7, 2017 ("Complaint"), ¶¶ "1," "16,"; *see also* petition in *Coyne v. City of New York, et al.*, Index No. 152634/2017 (Sup. Ct. N.Y. Co.) verified March 20, 2017 ("*Coyne I* Petition" or "Pet."), ¶ "14," a copy of which is annexed to the Branch Declaration as Exhibit "A."  For the 2015-16 school year, plaintiff worked as the A.P. of Physical Education and Health, as well as the A.P. of Administration/Security at Flushing H.S.  *See* Complaint ¶¶ "17,"–"18."  Plaintiff's supervisor for the 2015-16 school year was Principal Chin.  *Id.*  ¶ "19." Principal Chin was responsible for reviewing the performance of Assistant Principals, including plaintiff, and providing annual Pedagogical Supervisory Personnel Reports ("PSPR").  *Id.*  ¶¶ "43,"–"45."  During the 2015-16 school year, Principal Chin criticized and documented plaintiff for acting unprofessionally, failing to perform his duties as A.P. of Building Security, violating DOE and school protocols, failing to meet annual performance goals, and performing deficient evaluations of pedagogical staff.  *Id.*  ¶¶ "29,"– "34," "36,"–"37,"; *see also* Decision in *Coyne v. City of New York, et al.*, (Sup. Ct. N.Y. Co. Sept. 18, 2017) ("*Coyne I* Decision"), a copy of which is annexed to the Branch Declaration as Exhibit "B," at 1-5.

On October 19, 2015, students at plaintiff's school were scheduled to take the Preliminary Scholastic Aptitude Test ("PSAT").  *See Coyne I* Petition ¶ "22," Branch Dec., Ex. "A,"; and email from Principal Chin to plaintiff, dated October 19, 2015, which is annexed to the

---

[3]  For purposes of this motion to dismiss only, the factual allegations in the Complaint are deemed to be true.  The documents which are annexed to the Declaration of Assistant Corporation Counsel Cassandra Branch, dated December 19, 2017 ("Branch Dec.") are matter of public record and can be considered by the Court on this motion to dismiss.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

*Coyne I* Petition as Exhibit "B," Branch Dec., Ex. "A."  Principal Chin became aware that plaintiff had refused some late students entry to the building and also instructed personnel to allow students to leave early.  *See* email from Principal Chin to plaintiff, *Coyne I* Pet. Ex. "B," Branch Dec., Ex. "A."  Following the incident, Principal Chin sent plaintiff an email warning him that his actions violated DOE regulations and school protocols, and that further infractions could result in a letter to file or disciplinary action.  *Id.*

On November 19, 2015 plaintiff failed to attend Parent Teacher Conferences as expected by Principal Chin, and told a subordinate school Dean that he would not be available at the last minute, rather than notify Principal Chin, his direct supervisor.  *See Coyne I* Petition ¶ "23," Branch Dec., Ex. "A,"; and Letter to File, dated January 4, 2016, which is annexed to the *Coyne I* Petition as Exhibit "C," Branch Dec., Ex. "A."  Plaintiff also gave two (2) school Deans approval to work per session during the Parent Teacher Conferences in November, 2015, without first obtaining authorization from Principal Chin as directed.  *See* Complaint ¶ "34,"; *Coyne I* Petition ¶ "25," Branch Dec., Ex. "A,"; and Letter to File, dated January 4, 2016, which is annexed to the *Coyne I* Petition as Exhibit "E," Branch Dec., Ex. "A."

On November 30, 2015, plaintiff failed to timely report a physical altercation between students and a Line of Duty Injury ("LODI") that plaintiff sustained while interacting with a different student through the DOE's Online Occurrence Reporting System ("OORS").  *See* Complaint ¶ "30,"; *Coyne I* Petition ¶ "24," Branch Dec., Ex. "A,"; and Letter to File, dated January 4, 2016, which is annexed to the *Coyne I* Petition as Exhibit "D," Branch Dec., Ex. "A."  Plaintiff had assigned a school Dean to investigate both incidents, but failed to either enter the reports himself within 24-48 hours, or ensure that the assigned Dean, a subordinate, had the

training and knowledge to do so.  *See Coyne I* Petition ¶ "24," Branch Dec., Ex. "A,"; and Letter to File, *Coyne I* Pet. Ex. "D," Branch Dec., Ex. "A."

Following a meeting with plaintiff and his union representative[4] on December 1, 2015, Principal Chin issued plaintiff three (3) Letters to File, all dated January 4, 2016, memorializing plaintiff's infractions on November 19 and 30, 2015, as described above.  *See* Complaint ¶¶ "29,"–"30," and "34," *see also* Letters to File, *Coyne I* Pet. Exs. "C," "D", and "E," respectively, Branch Dec., Ex. "A."

In April of 2016, Principal Chin advised plaintiff that the lesson observations plaintiff performed for Flushing H.S. teachers were deficient.  *See* Complaint ¶ "36."  The criticism of plaintiff's work, some of which he received during a professional development session with a talent coach, noted that plaintiff wrote his evaluations incorrectly and rated teachers in his department too highly.  *Id.* ¶ "37."

In May of 2016, Principal Chin asked plaintiff to investigate inappropriate classroom conduct by several teachers at the school.  *See* Complaint ¶ "40."  Principal Chin observed that plaintiff ignored directives from the DOE's Office of Special Investigations ("OSI") on how to conduct and document the investigation, and mismanaged the formal inquiry, causing the school to reissue guidance letters to the teachers.  *See* AP Goals and Objectives (SY 15-16), which is annexed to the *Coyne I* Petition as Exhibit "F," at 7-9, Branch Dec., Ex. "A."

The Complaint alleges that Principal Chin discriminated against plaintiff by refusing to meet with plaintiff prior to the beginning of the school year, telling plaintiff that he was told not to trust him, and warning plaintiff that if it were up to him, plaintiff would not have a job the following year.  *See* Complaint ¶¶ "23,"–"25."  The Complaint alleges that Principal

---

[4] Plaintiff is a member of the Council of School Supervisors and Administrators, New York City, Local 1, American Federation of School Administrators, AFL-CIO ("CSA").

Chin: denied him entry to a monthly "Building Safety Meeting" with other Principals and A.P.s in November of 2015; threatened to give plaintiff a U-Rating for giving teachers in the health and physical education department "Effective" and "Highly Effective" annual evaluation ratings; and told plaintiff that he believed the school budget would be cut in order to eliminate plaintiff's position as A.P. of Supervision for Health and Physical Education and excess plaintiff from the school. *Id.* ¶¶ "35," "38,"–"39."

At the end of the 2015-16 school year, Principal Chin to issued plaintiff a PSPR rating of "Unsatisfactory." *See* Complaint ¶ "43,"; Plaintiff's 2015-16 PSPR Rating, dated June 23, 2016, which is annexed to the *Coyne I* Petition as Exhibit "F," Branch Dec., Ex. "A." Plaintiff retired from DOE and claims constructive discharge. *See Coyne I* Petition ¶¶ "50," "62," "65," and "68," Branch Dec., Ex. "A."

**B.     Plaintiff's Rating Appeal**

Plaintiff appealed his U-Rating to DOE's Office of Appeals and Reviews ("OAR") and a hearing before the Chancellor's Committee was scheduled for October 14, 2016. *See* Complaint ¶ "51." Both plaintiff and Principal Chin participated in the appeal hearing, and plaintiff was also represented by two (2) advisors from his union. *See* Part 1 of the transcript of plaintiff's Chancellor's Committee hearing ("Transcript" or "Tr."), which is annexed to the *Coyne I* Petition as Exhibit "G," at 1, Branch Dec., Ex. "A."[5] The Chancellor's Committee heard the evidence and testimony submitted by the plaintiff and DOE. *See generally* Transcript, *Coyne I* Pet. Ex. "G," Branch Dec., Ex. "A." During the appeal hearing, Principal Chin testified about plaintiff's professional failures during the 2015-16 school year, and explained that he issued plaintiff a U-rating based on his observations and conclusions that plaintiff:

---

[5] The transcript of plaintiff's hearing before the DOE's Chancellor's Committee is annexed to the Petition in two (2) parts. All references to the Transcript in this memorandum refer to either Part 1 or 2 of the hearing transcript.

- Issued teacher error-laden lesson observations that seemed to be written in a "cut-and-paste" manner;

- Failed to conduct and document an OSI investigation into teacher misconduct as directed;

- Failed to meet his annual goals, such as starting a Restorative Justice Program;

- Did not attend Parent Teacher Conferences on November 19, 2016, or notify Principal Chin, his direct supervisor, that he would be absent;

- Granted school Deans approval for per session work on November 19, 2016, without authorization from Principal Chin;

- Failed to meet his duties as the Assistant Principal in charge of security; and

- Failed to timely report a physical altercation between students and his Line of Duty Injury on November 30, 2016.

*See* Transcript Part 1 at 3-4, 9-10, 23-26, and Transcript Part 2 at 1-2, 6-8, *Coyne I* Pet. Ex. "G," Branch Dec., Ex. "A."

Principal Chin produced the Letters to File that he issued to plaintiff for some of those infractions, and testified that he observed plaintiff's failure to achieve some of his annual goals, including creating a Restorative Justice Program for the school and attaining a 5% increase in scholarships reports. *See* Transcript Part 1 at 6-7, 21-22, *Coyne I* Pet. as Ex. "G," Branch Dec., Ex. "A."

At the hearing, plaintiff challenged Principal Chin's assertion that he failed to meet his stated annual goal of lowering the number of student Superintendent's Suspensions, and testified that he was not required by contract to attend Parent Teacher Conferences. *See* Transcript Part 1 at 9, 11-12, *Coyne I* Pet. Ex. "G," Branch Dec., Ex. "A." Plaintiff also contended that he never received a Letter to File for his poor lesson observation techniques, and

that he decided to retire because he thought that a budget cut would have eliminated his position. *See id.* at 7; Transcript Part 2 at 5, *Coyne I* Pet. Ex. "G," Branch Dec., Ex. "A."  Principal Chin testified that there was never any cut to the school's budget, that no documentation existed to that effect, and that plaintiff's position was removed only after plaintiff left.  *See* Transcript Part 2 at 5-6, *Coyne I* Pet. Ex. "G," Branch Dec., Ex. "A."

After carefully reviewing the testimony and evidence, the Chancellor's Committee, which is composed of three (3) people, issued a recommendation that plaintiff's 2015-16 U-Rating be sustained.  *See* Chancellor's Appeal Denial Decision, dated November 21, 2016, which is annexed to the *Coyne I* Petition as Exhibit "H," Branch Dec., Ex. "A."  DOE issued plaintiff a decision denying his appeal by letter from DOE Deputy Chancellor Phillip Weinberg, dated November 21, 2016.  *See id.*  The Decision clearly explained to petitioner that his U-rating was sustained due to his failure to discharge his professional responsibilities and failure to follow school policies and procedures.  *Id.*

## C.    Plaintiff's Prior State Court Litigation

On March 21, 2017, plaintiff commenced an Article 78 proceeding in State Court, challenging his U-Rating.  *See Coyne I* Petition, Branch Dec., Ex. "A."  The Petition, much like the instant Complaint, contended that Principal Chin discriminated against plaintiff by refusing to meet with plaintiff prior to the beginning of the school year, telling plaintiff that he was told not to trust him, and warning plaintiff that Principal Chin wanted to see plaintiff out of a job the following school year.  *Id.* ¶¶ "18,"–"19."  The Petition also alleged that Principal Chin denied plaintiff entry into "Building Safety Meetings, threatened plaintiff with a U-Rating for giving teachers high annual evaluation ratings, and told plaintiff that an impending budget cut would result in the elimination of plaintiff's position and excessing him from the school.  *Id.* ¶¶ "27," "31,"–"32."

DOE cross-moved to dismiss the *Coyne I* Petition, and the State Court issued a Decision and Order, dated September 18, 2017, denying and dismissing the *Coyne I* Petition. *See Coyne I* Decision, Branch Dec., Ex. "B."   The 16-page *Coyne I* Decision held that the decision to issue plaintiff a U-Rating for the 2015-16 school year was amply supported by the testimony and documentary evidence presented to the DOE Chancellor's Committee. *Id.* at 15. The *Coyne I* Decision specifically noted that plaintiff's rating was supported by three (3) Letters to File, "which document [plaintiff's] failure to follow school policy," as well as Principal Chin's testimony that plaintiff failed to follow DOE directives and school policy in investigating Flushing H.S. staff and assigning per session work without approval from Principal Chin. *Id.* at 14.   The *Coyne I* Decision noted that during the Chancellor's Committee hearing, plaintiff "conceded that he failed to meet his goal to increase scholarship credits above five percent," and that Principal Chin credibly testified that plaintiff failed to properly evaluate his teachers, even after training from a DOE talent coach. *Id.*   The State Court also explained that Principal Chin's failure to issue plaintiff a Letter to File for his deficient observations did not render the rating or the Chancellor's Committee's determination, or DOE's decision to adopt it, defective. *Id.* at 15. The *Coyne I* Decision rejected plaintiff's argument that his U-Rating should be annulled due to allegedly "hostile" and "discriminatory" treatment by Principal Chin, finding a rational basis to support the U-Rating. *Id.*

Plaintiff appealed the *Coyne I* Decision to the New York State Supreme Court, Appellate Division, First Department, on October 9, 2017, and the appeal is pending.

**D.    Plaintiff's Administrative Complaints**

On or about November 30, 2016, plaintiff filed a Notice of Claim with DOE. *See* Complaint ¶ "56,"; *see also* Notice of Claim, filed November 30, 2016, a copy of which is annexed to the Branch Declaration as Exhibit "C."  Plaintiff filed a complaint with the New York

State Division of Human Rights ("SDHR") on or about February 24, 2017, alleging race and age discrimination by DOE. *See* Complaint ¶ "57." The SDHR dismissed plaintiff's complaint for administrative convenience on August 22, 2017. *See* Determination and Order of Dismissal for Administrative Convenience, dated August 22, 2017 ("SDHR Dismissal Order"), a copy of which is annexed to the Branch Declaration as Exhibit "D." Plaintiff received a Notice of Right to Sue from the United Stated Equal Employment Opportunity Commission ("EEOC") on or about September 7, 2017. *See* EEOC Notice of Right to Sue, which is annexed to the Complaint as Exhibit "A."

Plaintiff commenced this action on November 7, 2017.

## ARGUMENT

### POINT I

#### PLAINTIFF'S PRIOR ARTICLE 78 DECISION PRECLUDES THE COMPLAINT'S AGE DISCRIMINATION CLAIMS.

Plaintiff's age discrimination claims under the ADEA, SHRL, and CHRL must be dismissed as barred by the preclusive effect of plaintiff's Article 78 Decision.

Issue preclusion applies where: (1) the identical issue was actually and necessarily decided in a prior proceeding; and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding. *See Grassel v. Dep't of Educ. of New York*, 12 Civ. 1016 (PKC), 2017 U.S. Dist. LEXIS 39683 at *12 (E.D.N.Y. March 20, 2017); *Carr v. Health Ins. Plan of Greater New York, Inc.*, 111 F. Supp. 2d 403, 410 (S.D.N.Y. 2000).

Here, plaintiff alleges age discrimination based on his alleged mistreatment and discipline by Principal Chin during the 2015-16 school year, as well as his U-Rating. The Complaint is based on the same facts and transactions that were deliberately interposed and

litigated by plaintiff in his Article 78 proceeding.  *See, generally*, *Coyne I* Decision, Branch Dec., Ex. "B."  Issue preclusion bars relitigation of these very same claims which were rejected in the Article 78 proceeding.  Further, the *Coyne I* decision found legitimate nondiscriminatory reasons for DOE's actions and the Complaint fails to allege that these reasons were false and a pretext for discrimination.  Plaintiff's pending appeal of the Article 78 decision has no bearing on the Coyne *I* Decision's preclusive effect in this action.  *See*, *e.g.*, *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003).

## POINT II

### PLAINTIFF'S AGE DISCRIMINATION CLAIMS MUST BE DISMISSED.

**A.   Plaintiff's ADEA and Title VII Claims Are Partially Time-Barred**

Federal discrimination claims based on events occurring more than 300 days prior to the filing of EEOC charges are untimely. *See* 42 U.S.C. §§ 2000e-5(e)(1); 29 U.S.C. § 626(e). *See, e.g.*, *Zerilli-Edelglass v. New York City Tr. Auth.*, 333 F.3d 74, 80 (2d Cir. 2003); *Hodge v. New York Coll. of Podiatric Med.,* 157 F.3d 164, 166 (2d Cir. 1998). Thus, plaintiff's Title VII and ADEA claims are time-barred to the extent that they are based on events occurring before April 30, 2016, that is, more than 300 days before plaintiff's SDHR charge was dually filed with the EEOC charge on February 4, 2017. *See* SDHR Dismissal Order at 2, Branch Dec., Ex. "D." Here, that includes all of plaintiff's three (3) Letters to File, all of the events underlying those disciplinary letters, as well as all of the negative encounters the Complaint alleges that plaintiff had with Principal Chin during the 2015-16 school year. *See* Complaint ¶¶ "23,"–"42."

Plaintiff's claims are not subject to the doctrine of equitable tolling as plaintiff does not allege that he "actively pursued judicial remedies but filed a defective pleading during the specified time period," that he "was unaware of his…cause of action due to misleading conduct of the defendant," or that "[his] medical condition or mental impairment prevented h[im] from proceeding in a timely fashion." *Zerilli-Edelglass*, 333 F.3d at 80 (internal citations omitted). Thus, those untimely Title VII and ADEA claims must be dismissed. *Id.* at 80-81.

**B.   Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 557 [2007]). Although plaintiff

need not plead a *prima facie* case at the pleading stage, he must allege sufficient facts that allow the Court, in substance, to infer the elements of a *prima facie* case. *See*, *e.g.*, *King v. United States Sec. Assocs.*, 11 Civ. 4457 (DAB) (MHD), 2012 U.S. Dist. LEXIS 133339 at *12 (S.D.N.Y. Aug. 22, 2012). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully… [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,' and must, therefore be dismissed. *Id.* (citing *Twombly*, 550 U.S. at 570); *Bermudez*, 783 F. Supp. 2d at 581.

This Complaint consists of nothing more than conclusory allegations that plaintiff is a member of a protected class who, as a result, allegedly suffered an adverse employment action. Nothing in the Complaint supports an inference that plaintiff was disciplined as a result of his race or age, rather than his poor decisions and mediocre performance as an Assistant Principal. Accordingly, plaintiff's timely Title VII and ADEA claims must be dismissed.

## C.    No Adverse Employment Action

Assuming, *arguendo*, that age discrimination claims were not barred by preclusion they would still have to be dismissed. To plead age discrimination under the ADEA, a plaintiff must allege that: "(1) he was a member of the protected class, *i.e.*, an employee over 40 years of age; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the circumstances surrounding the action give rise to an inference of age discrimination." *Abdu-Brisson v. Delta Air Lines,* 239 F.3d 456, 466-67 (2d Cir. 2001). A plaintiff may raise an inference of discrimination "by showing that the employer subjected [her] to disparate treatment, that is, treated [her] less favorably than a similarly situated employee

outside [her] protected group." *Graham v. Long Island R.R.,* 230 F.3d 34, 39 (2d Cir. 2000); *see also Littlejohn v. City of New York*, 795 F.3d 297, 312-13 (2d Cir.  2015).

   This Complaint simply concludes that upon his appointment to Flushing H.S., Principal Chin began "targeting Plaintiff on the basis of age and race."  *See* Complaint ¶ "19." Aside from this blanket conclusion, the Complaint fails to make any specific allegation as to how plaintiff was subjected to age discrimination.  Plaintiff's bare contention that he suffered an adverse employment action and that it must have been on the grounds of animus against his age is patently insufficient to withstand a motion to dismiss.  *See Bermudez* v. *City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011); *see also Littlejohn*, 795 F.3d at, 309-11.

   Plaintiff fails to allege that he suffered an adverse employment action, that is, a "materially adverse change" in the terms and conditions of her employment.  *See Galabaya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000).  A "materially adverse change" is "more disruptive than a mere inconvenience or an alteration of job responsibilities," and can include a diminished title, responsibilities, wages, or benefits.  *Id.*  Letters to File and criticism of an employee's performance are not adverse employment actions, as they resulted in no material change to the terms and conditions of plaintiff's employment.  *See*, *e.g.*, *Sotomayor v. City of New York*, 862 F. Supp. 2d 226, 254-55 (E.D.N.Y. 2012).  Nor is plaintiff's U-Rating.  *See, e.g.*, *Davis v. New York City Dep't of Educ.*, 10 Civ. 3812 (KAM) (LB), 2012 U.S. Dist. LEXIS 5633 at *15 (E.D.N.Y. Jan 18, 2012).  Plaintiff cannot claim here that he was effectively terminated on the basis of age simply because his supervisor did not agree that his work was flawless.

**D.**  **No Inference of Age Discrimination**

   The Complaint also fails to link plaintiff's Letters to File, his U-Rating, or any other alleged actions by Principal Chin to animus against plaintiff's age or any other protected characteristic.  *See* Complaint ¶¶ "23,"–"24," "28,"–"30," "35," "37,"–"42."  Further, Principal

Chin's alleged statement that he "believe[d] the School Renewal Team would recommend" removing plaintiff as A.P. of Supervision for Health and Physical Education, thereby causing him to be excessed due to a budget cut is pure speculation and is also unrelated to any protected characteristic. *Id.* ¶ "39."  Principal Chin reiterated during plaintiff's rating appeal hearing that no school budget cuts were planned and that plaintiff's position was only eliminated after he retired.  *See* Transcript Part 2 at 5-6, *Coyne I* Pet. Ex. "G," Branch Dec., Ex. "A."  Even if plaintiff was "excessed" due to a budget cut, that could not serve as a basis for an age discrimination claim because there is no causal connection to a protected characteristic.  *See, e.g.*, *Abdu-Brisson,* 239 F.3d at 466-67 (circumstances surrounding adverse action must give rise to an inference of age discrimination); *Williams v. City of New York*, 12 Civ. 8518 (RJS), 2014 U.S. Dist. LEXIS 49837 at *33 (S.D.N.Y. March 26, 2014), *aff'd*, 602 Fed. App'x 28 (2d Cir. 2015) (dismissing age discrimination claim, as plaintiff contended that DOE fired her for financial reasons related to her seniority) (citation omitted).

Finally, any inference of age discrimination case is undermined by the fact that plaintiff fails to describe how any employees similarly situated to him received preferential treatment on the basis of age.  Plaintiff does not contend that he received a U-Rating where a younger, similarly-situated employee did not.  Accordingly, Gene Eyshinsky, another white, male AP over the age of fifty (50) who allegedly received a U-Rating the year <u>before</u> Principal Chin was assigned Flushing H.S., cannot, on the face of the Complaint, serve as a comparator for purposes of plaintiff's age discrimination claim.  *See* Complaint ¶¶ "19" (Principal Chin arrived in June 2015) and "38."

## E.     Hostile Work Environment

To plead a hostile work environment, a plaintiff must allege that the workplace was permeated with "discriminatory intimidation, ridicule, and insult . . . sufficiently severe or

pervasive to alter the conditions of [his] employment and create an abusive working environment." *Harris v. Forklift Sys.,* 510 U.S. 17, 21 (1993) (citation omitted).   Courts determine whether a work environment is "hostile" or "abusive" by examining the totality of the circumstances, including the frequency and severity of discrimination, whether the conduct was physically threatening or humiliating, and whether the conduct unreasonably interfered with the employee's work performance.  *See Harris*, 510 U.S. at 23.  The misconduct must be objectively severe enough to create a hostile environment, and the plaintiff must have subjectively perceived the environment to be hostile.  *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014).   The plaintiff must also allege that the conduct creating the hostile environment occurred because of his or her protected status.  *Id.*; *see, e.g.*, *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002).

This Complaint consists of nothing more than conclusory allegations.   The Complaint simply says that the Letters to File, the U-Rating, the criticism of his job performance, and exclusion from one meeting were all motivated by animus against plaintiff's age.  But such a conclusion cannot substitute for <u>facts</u>.   The Complaint is insufficient to state a claim under Federal or State law.

Further, the events alleged taken together were not objectively severe or pervasive enough to alter the conditions of plaintiff's employment and create an abusive working environment.  Indeed, <u>none</u> of them are even linked to plaintiff's protected characteristics.  *See, e.g.*, *Cruz v. Coach Stores*, 202 F.3d 560, 570 (2d Cir. 2000); *Alfano*, 294 F.3d at 377 ("… [M]any bosses are harsh, unjust, and rude.  It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination.   Otherwise, the federal courts will become a court of

personnel appeals"); *Johnson v. City of New York*, 10 Civ. 6294 (RJS), 2012 U.S. Dist. LEXIS 46188 at *21 (S.D.N.Y. March 28, 2012) (supervisor's comment that plaintiff was an "idiot" could not support a hostile work environment claim, as it was unrelated to plaintiff's protected class); *Castro v. New York City Bd. of Educ. Pers. Dir.*, 96 Civ. 6314 (MBM), 1998 U.S. Dist. LEXIS 2863 at *21 (S.D.N.Y. March 12, 1998) (while reprimands and criticisms of performance "may cause an employee embarrassment or anxiety, such intangible consequences are not materially adverse alterations of employment conditions").

Any claims by plaintiff that time-barred discrete acts are part of a larger pattern of discrimination or harassment must be rejected, as plaintiff does not allege any facts that could support a policy connecting these events.  Allegations of separate instances of disagreements over the course of the entire school year are insufficient to trigger the continuing violations doctrine on plaintiff's claims, even as to a hostile work environment.  *See, e.g.*, *Diaz v. City Univ. of New York*, 13 Civ. 2038 (PAC), 2014 U.S. Dist. LEXIS 184757 at *34 (S.D.N.Y. Nov. 10, 2014) ("allegations of separate instances of alleged unlawful conduct, occurring at different times and under different without a non-conclusory factual connection – rather than a common policy under which all the actions were carried out – are insufficient to invoke the continuing violation doctrine") (internal quotations omitted).

## F.    Constructive Discharge

The Supreme Court in *Pa. State Police v. Suders*, held that the "[c]reation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case."  542 U.S. 129, 149 (2004).  Thus, to claim constructive discharge, an employee must plead that their working conditions were so intolerable that reasonable person would have felt compelled to resign.  *See id.* at 147; *Pena v. Battleboro Retreat*, 702 F.2d 322, 324-25 (2d Cir. 1983); *see also Harris*, 510 U.S. at 21.

- 17 -

Criticism of an employee's performance and negative evaluations are not adverse employment actions.  *See*, *e.g.*, *Davis*, 2012 U.S. Dist. LEXIS 5633 at *15.  Thus, a constructive discharge claim cannot arise simply because an employee is dissatisfied with work assignments, feels that his work has been unfairly criticized or was subjected to unpleasant working conditions.  *See e.g., Flaherty v. Metromail Corp.*, 98 Civ. 8611 (NRB), 2001 U.S. Dist. LEXIS 10828 at *17-18 (S.D.N.Y. July 31, 2001), *aff'd*, 59 Fed. App'x 352 (2d Cir. 2002); *Stetson v. Nynex Serv. Co.*, 995 F.2d 355, 361 (2d Cir. 1993) (dissatisfaction with assignments, criticism of his work, and unfair compensation failed to support constructive discharge claim); *Carmellino v. Dist. 20 of the New York City Dep't of Educ.*, 03 Civ. 5942 (PKC), 2006 U.S. Dist. LEXIS 63705 at *159-160 (S.D.N.Y. Sept. 6, 2006) (the "mere fact that defendant [DOE] had accused [plaintiff] of incompetence…" did not create a work atmosphere so intolerable as to force plaintiff to quit involuntarily) (citation omitted).

Finally, courts in the Second Circuit have found that an employee's voluntary resignation precludes a finding of constructive discharge.  *See e.g., Silverman v. New York*, 216 F. Supp. 2d 108, 115-16 (E.D.N.Y. 2002), *aff'd*, 64 Fed. App'x 799, 800-801 (2d Cir. 2003) (plaintiff failed to demonstrate constructive discharge where he resigned rather than face criticism and the disciplinary process).  Here, plaintiff provides no evidence that he made the decision to retire under coercion or duress, or for any other reason than the fact that he received a U-rating and feared a budget cut that never occurred.  Accordingly, this claim must be dismissed.

The Complaint fails to establish a claim based on age discrimination and should be dismissed in its entirety.

**POINT III**

**PLAINTIFF'S RACE DISCRIMINATION
CLAIMS MUST BE DISMISSED.**

**A.     No Adverse Employment Action or Inference of Discrimination**

To establish a *prima facie* case of discrimination under Title VII or the SHRL, a plaintiff must show that: (1) she is a member of a protected class; (2) that she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See Littlejohn*, 795 F.3d at 311; *Spiegal v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (SHRL).

First, the Complaint fails to allege that plaintiff suffered an adverse employment action on the basis of race.  Principal Chin's alleged refusal to meet with plaintiff prior to the beginning of the 2015-16 school year is not an adverse action.  *See* e.g., *Galabaya*, 202 F.3d at 640.  As noted above, the criticism plaintiff received from Principal Chin, his Letters to File and U-Rating are also not adverse employment actions.  *See, e.g.*, *Sotomayor*, 862 F. Supp. 2d at 254-55; *Davis*, 2012 U.S. Dist. LEXIS 5633 at *15.

Plaintiff also fails to plausibly connect any of his alleged adverse employment actions to his race or any other protected characteristic for that matter.  Plaintiff only claims, without further detail, that Principal Chin gave a disproportionate number of African-American Staff mentoring and preferential treatment, more specifically "Satisfactory" ratings, over Caucasian staff.  *See* Complaint ¶ "22."  Plaintiff does not contend that no African-American teachers received U-Ratings, or that he, himself, was denied mentoring or professional development from Principal Chin when requested.  The remainder of the Complaint alleged discipline in the ordinary course, and perceived slights and disagreements, none of which

- 19 -

plaintiff even attempts to connect to alleged animus by Principal Chin. This is insufficient to withstand a motion to dismiss.

**B.      Hostile Work Environment**

With respect to plaintiff's claim that he retired as a result of the alleged "hostile work environment" based on race, the Complaint fails to plausibly allege a workplace permeated with "discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment." *Harris,* 510 U.S. at 21; *Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 609 (2d Cir. 2006) (same analysis applies to Title VII and SHRL hostile work environment claims).

Plaintiff's general allegations about being excluded from a building meeting, receiving criticism on lesson observations during a meeting with a talent coach, receiving a U-Rating, and receiving disciplinary letters for disregarding DOE and school protocols are insufficient to meet that bar. None of these allegations indicate that action was taken against plaintiff as a result of racial animus. Courts in the Second Circuit have repeatedly affirmed the dismissal of pleadings in which an employee claims discrimination in a conclusory fashion and without any factual allegations in support. *See, e.g., Thompson v. ABVI Goodwill Services*, 531 Fed. App'x 160, 161-62 (2d Cir. 2013). As these allegations are insufficient to state a race discrimination claim under Federal or State law, the Complaint must be dismissed.

**C.      Constructive Discharge**

As noted above, finding of a hostile work environment is a necessary prerequisite to finding a constructive discharge. *See Pa. State Police*, 542 U.S. at 149. Aside from a single allegation that Principal Chin disproportionately gave African-American staff satisfactory ratings, the Complaint offers no facts supporting an inference that, based on his race, plaintiff suffered such an objectively and subjectively intolerable workplace that he felt compelled to

resign.  *See Harris*, 510 U.S. at 21.  As is the case with plaintiff's age discrimination claim, discussed above, plaintiff's voluntary resignation from DOE due to his U-Rating also precludes him from alleging constructive discharge based on race.  *See e.g.*, *Stembridge v. City of New York*, 88 F. Supp. 2d 276, 284-85 (S.D.N.Y. 2000), *aff'd*, 2000 U.S. App. LEXIS 38697 (2d Cir. 2000) (plaintiff failed to demonstrate constructive discharge where he was subjected to "racially abusive language," a transfer, and a suspension, but was given a fair hearing and resigned after returning to work).

**D.      Plaintiff's § 1981 and Equal Protection Clause Claims Must Be Dismissed**

Race discrimination with respect to the terms and conditions of employment is prohibited by § 1981.  *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 224-225 (2d Cir. 2004). To establish a § 1981 claim, a plaintiff must show: "(1) that she is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerned one or more of the activities enumerated in Section 1981." *Lautere v. Int'l Bus. Mach. Corp.*, 216 F.3d 258, 261 (2d Cir. 2000).  To state a § 1981 claim against a municipality, a Complaint must plausibly allege a *Monell* policy, because § 1981 is applied to the City through § 1983.  *See Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 694 (1978); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 721 (1989); *Patterson*, 375 F.3d at 226.  Under *Monell*, municipalities cannot be held liable under § 1981 for the isolated actions of their employees based on the *respondeat superior* theory.  *See Monell*, 436 U.S. at 691; *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  Liability may exist where there is a municipal policy as evidenced by, for example, the promulgation of a written rule, and agency's routine practice, or if the decision at issue was made by an official with policy-making authority.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Zherka v. City of New York*, 459 Fed. App'x 10, 12 (2d Cir. 2012); *Williams*, 2014 U.S. Dist. LEXIS 49837 at *36-37.

Similarly, the Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated should be treated alike." *Brown v. City of Syracuse*, 673 F.3d 141, 151 (2d Cir. 2012) (quotation and citation omitted). An Equal Protection claim undergoes the same analysis as a Title VII employment discrimination claim. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493-94 (2d Cir. 2010). Government employees may only bring Equal Protection Clause claims against their employers under a "selective enforcement" theory. *See Deprima v. City of New York Dep't of Educ.*, 12 Civ. 3626 (MKB), 2014 U.S. Dist. LEXIS 37866 at *10-11 (E.D.N.Y. March 20, 2014).

The Complaint contends that defendants' actions were motivated by animus against plaintiff's protected characteristics and seeks to impose liability on the DOE for alleged discrimination and hostile work environment by Principal Chin under the common law *respondeat superior* theory. *See* Complaint ¶ "67." Here, the Complaint fails to describe defendants' actions in terms sufficient to support a *Monell* claim, and fails to link defendants' actions to the alleged constitutional violation. *See Phillip v. City of New York*, 09 Civ. 0442 (ILG), 2012 U.S. Dist. LEXIS 55335 at *52-54 (E.D.N.Y. April 19, 2012) (dismissing § 1981 claim for failure to state a policy under § 1983); *Payne v. New York City Police Dep't*, 863 F. Supp. 2d 169, 188 (E.D.N.Y. 2012) (same). Plaintiff never contends that defendants exercised "final policymaking authority," or that Principal Chin acted under a City-sanctioned discriminatory policy or custom that could expose the City to liability under either statute. *See Zherka*, 459 Fed. App'x at 12; *Shapiro v. New York City Dep't of Educ.*, 561 F. Supp. 2d 413, 420 (S.D.N.Y. 2008) ("New York City school principals do not have final policy making authority over employment decision[s] concerning teachers in their schools"). This is a fatal pleading deficiency. *See*, *e.g.*, *Williams*, 2014 U.S. Dist. LEXIS 49837 at *37-38

("[u]nconstitutional actions taken by governmental officials out of personal animus may *never* form the basis for municipal liability since they are, by definition, not the result of official policy") (emphasis in original).

Second, the Complaint makes absolutely no allegations of preferential treatment by any defendant towards an employee similarly situated to plaintiff, but having different protected characteristics. The Complaint fails to allege any illegal grounds on which plaintiff was treated differently from another employee despite engaging in the same activity. *See Deprima*, 2014 U.S. Dist. LEXIS 37866 at *15.

Finally, as discussed with respect to plaintiff's Title VII and SHRL claims, none of the disputes, disagreements, and workplace inconveniences that plaintiff complains of were materially adverse employment actions or constituted abuse that was so severe or pervasive as to create a hostile work environment. *See*, *e.g.*, *Sotomayor*, 862 F. Supp. 2d at 254-255. Thus, these allegations also cannot support plaintiff's claim for deprivation of his rights under the Constitution or under § 1981 and these claims must be dismissed.

### POINT IV

### STATE AND CITY HUMAN RIGHTS LAW CLAIMS MUST BE DISMISSED.

#### A.   Plaintiff Failed to Timely File a Notice of Claim

New York Education Law requires that a plaintiff suing school boards, districts, or officers for "any cause whatsoever," including discrimination under State or City laws, file a Notice of Claim "within three months after the accrual of such claim." N.Y. Educ. L. § 3813(1); *Putkowski v. Warwick Val. Cent. Sch. Dist.*, 363 F. Supp. 2d 649, 653-54 (S.D.N.Y. 2005). The Notice of Claim requirement is a strictly-construed condition precedent, and the failure to

comply with it mandates dismissal for failure to state a cause of action.  *See Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999).

Here, plaintiff filed his Notice of Claim on November 30, 2017, and therefore any discrimination and hostile work environment claims based on events occurring before August 30, 2017 is barred by the failure to file a timely notice.[6]  *See* Notice of Claim, Branch Dec., Ex. "C." Plaintiff's alleged constructive discharge from DOE occurred in "June 2016."  *See* Complaint ¶¶ "62," "65."  Thus, all of the Complaint's claims under the SHRL or the CHRL are time-barred. *See, e.g.*, *Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992) (discrimination claim accrues on "the date the claimant receives notice of the allegedly discriminatory decision"); *Tomici v. New York City Dep't of Educ.*, 11 Civ. 2173 (JBW), 2012 U.S. Dist. LEXIS 190052 at *28 (E.D.N.Y. Dec. 19, 2012) (plaintiff's claims accrued on the date the Superintendent discontinued her employment).  All of plaintiff's State and City Human Rights Law claims based on his employment with DOE must be dismissed for failure to file a Notice of Claim.  *See* Complaint ¶ "56."

Any SHRL or CHRL claims based on the November 21, 2016, Chancellor's Committee recommendation upholding plaintiff's U-Rating accrued before August 31, 2017, and are similarly barred by plaintiff's failure to file a timely Notice of Claim.  *See Morse*, 973 F.2d at 125.  Further, plaintiff's Notice of Claim does not even mention his appeal to the Chancellor's Committee, much less allege discrimination or retaliation based on that decision.  *See* Notice of Claim, Branch Dec., Ex. "C."  Thus, these claims must be dismissed because they are not in the

---

[6] Some New York courts have held that Notice of Claim requirements do not apply to suits against Principals.  *See, e.g.*, *Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 312 (E.D.N.Y. 2014) (collecting cases).  This Complaint, however, clearly names Principal Chin as a defendant in his official capacity, rather than his individual capacity.  This is the same as suing DOE, thus Education Law § 3813 still applies.  *See id.* at 310.

scope of the Notice of Claim that plaintiff filed.  *See*, *e.g.*, *Fincher v. Cnty. of Westchester*, 979 F. Supp. 989, 1003 (S.D.N.Y. 1997).  It should be noted that plaintiff's time to notice defendants of such a claim expired on February 21, 2017, and that plaintiff's to request an extension to serve such notice has also expired.  *See* N.Y. Educ. L. § 3813(1), (2-a); *see, e.g.*, *Cincotta v. Hempstead Union Free Sch. Dist.*, 15 Civ. 4821 (ADS) (AKT), 2016 U.S. Dist. LEXIS 116478 at *52-53 (E.D.N.Y. Aug. 30, 2016); *Tomici*, 2012 U.S. Dist. LEXIS 190052 at *28.

**B.**      **Plaintiff's SHRL And CHRL Claims are Time-Barred**

While the statute of limitations for claims under the SHRL and CHRL is generally three (3) years, the New York Education Law imposes a one-year statute of limitations for any action brought against a school district or board of education.  *See* C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d); N.Y. Educ. L. § 3813(2-b).  *See Sotomayor*, 862 F. Supp. 2d at 249 (SHRL and CHRL claims governed by one-year statute of limitations); *Amorosi v. South Colonie Indep. Cent. Sch. Dist.*, 9 N.Y.3d 367, 370 (2007).  Courts in the Second Circuit have generally held that, in light of Education Law § 3813, the pendency of a claim before the EEOC or an equivalent state agency does not toll the statute of limitations for SHRL and CHRL claims against the DOE and its officers.  *See, e.g., Guity v. Uniondale Union Free Sch. Dist.*, 15 Civ. 5693, 2017 U.S. Dist. LEXIS 27542 at *28-29 (E.D.N.Y. Feb. 23, 2017), *adopted*, 2017 U.S. Dist. LEXIS 51964 (2017); *Tomici*, 2012 U.S. Dist. LEXIS 190052 at *28 (collecting cases).

Here, plaintiff's SHRL and CHRL claims are subject to the one-year statute of limitations.  Thus, plaintiff's claims accruing prior to November 7, 2016, including all claims based on his observations, discipline, and alleged constructive discharge are time-barred under Education Law § 3813.  *See*, *e.g.*, *Sotomayor*, 862 F. Supp. 2d at 249; *Amorosi*, 9 N.Y.3d at 370.

Accordingly, all of plaintiff's State and City law claims must be dismissed as untimely and for failure to state a claim.

## <u>CONCLUSION</u>

For the above reasons, defendants respectfully request that their Motion to Dismiss be granted, that the Complaint be dismissed in its entirety, that the relief requested be denied in all respects, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
             December 19, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
**Attorney for Defendants**
100 Church Street, Room 2-314
New York, New York 10007-2601
(212) 356-4074
cbranch@law.nyc.gov

By: _____/S/_____
                Cassandra N. Branch
                Assistant Corporation Counsel